IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. CAMERON JEHL,<br><br>Plaintiffs,<br><br>vs.<br><br>GGNSC SOUTHAVEN LLC D/B/A GOLDEN LIVING CENTER-SOUTHAVEN et al.<br><br>Defendants. | Case No. 3:19cv091-MPM-JMV |

**DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants respectfully submit their Answer and Affirmative Defenses to Relator Cameron Jehl's ("Relator") Second Amended Complaint ("SAC"). Any allegations, averment, contention or statement in the SAC that is not specifically and unequivocally admitted is denied. Defendants respond to each of the numbered paragraphs of the SAC as follows:

**INTRODUCTION**

1. Defendants are without sufficient knowledge to determine where Relator resides. As to the remainder of paragraph 1, Defendants admit that Relator purports to bring an action under the False Claims Act (FCA) and deny that Relator is entitled to any damages or civil penalties, and further deny each remaining allegation not expressly admitted herein.

2. To the extent the characterization implies that the Defendants have violated the FCA or engaged in any wrongful conduct, the allegation is denied.

3. Defendants deny that they collectively owned, operated and controlled Golden Living Center-Southaven in Southaven, DeSoto County, Mississippi ("Southaven"). Golden

Living is a brand, not an entity. Defendants admit that GGNSC Southaven LLC ran a facility in DeSoto County, Mississippi.

4. Defendants deny the allegations in this paragraph.

5. Defendants deny the allegations in this paragraph.

6. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny that they engaged in any conduct that violated the FCA.

7. Defendants deny the allegations in this paragraph.

## PARTIES

8. Defendants admit that Relator is Cameron Jehl but deny that he is authorized under the FCA to file an FCA action and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of the paragraph.

9. Defendants admit that this action is purportedly brought pursuant to the FCA, but deny that they engaged in any acts in violation of the FCA.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Defendants deny the allegations in this paragraph.

12. Defendants deny the allegations in this paragraph.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Furthermore, Defendants deny making false claims to the United Sates and the State of Mississippi.

14. With respect to the first sentence in this paragraph, Defendants admit that GGNSC Southaven LLC is a foreign corporation but deny that its principal place of business is 2601

Network Boulevard, Suite 102, Frisco, TX 75034. With respect to the second sentence, Defendants admit that GGNSC Southaven LLC did business in Mississippi and operated the Southaven facility located at 1730 Dorchester Drive, Southaven, MS 38671. Defendants also admit that GGNSC Southaven LLC was the licensee authorized to operate the Southaven facility at all times relevant to this action. Defendants also admit that GGNSC Southaven LLC may be served with process through its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison MS 39110.

15. With respect to the first sentence in this paragraph, Defendants admit that GGNSC Administrative Services LLC is a foreign limited liability company but deny that its principal place of business is 1000 Fianna Way, Fort Smith, AR 72919. Defendants deny the second sentence in this paragraph. With respect to the third sentence, Defendants deny that GGNSC Administrative Services LLC was formed for the purpose of providing management and consulting services to certain nursing facilities, including the Southaven facility in Southaven, Mississippi. With respect to the fourth sentence in this paragraph, Defendants admit that GGNSC Administrative Services LLC entered into an "Administrative Services Agreement" with GGNSC Southaven LLC to provide GGNSC Southaven LLC certain contractual services, including preparing cost reports using GGNSC Southaven LLC information generated by GGNSC Southaven LLC, but Defendants deny that these services included recruiting, hiring, and training of GGNSC Southaven LLC managers, including the Director of Nursing Services. Additionally, Defendants deny that GGNSC Administrative Services LLC's Administrative Services Agreement with GGNSC Southaven LLC included adopting and implementing clinical and personal policies for Southaven facility; taking steps to perform or request employment verification and background checks for all employees of the Southaven facility, including the Director of Nursing Services; preparing Minimum Data Sets

that were submitted to the government. Defendants admit that in exchange for GGNSC Administrative Services LLC's services, GGNSC Southaven LLC paid a monthly service fee that came, in part, from revenues GGNSC Southaven LLC received for providing care to elderly and infirm residents at Southaven during the relevant period. Defendants admit to the allegations in the last sentence.

16. With respect to the first sentence in this paragraph, Defendants admit that GGNSC Clinical Services LLC is a foreign limited liability company but deny that its principal place of business at 2601 Network Boulevard, Suite 102, Frisco, TX 75034. Defendants deny the second sentence in this paragraph. Defendants admit that GGNSC Clinical Services LLC entered into a "Clinical Services Agreement" with GGNSC Southaven LLC to provide certain contractual services but deny that these services included recruiting and decisions to hire the Director of Nursing Services; responsibility for oversight and supervision of the director of Nursing Services; monitoring the day-to-day delivery of nursing services at the Southaven facility; and responsibility for monitoring and ensuring regulatory compliance regarding the provision and delivery of nursing services at GGNSC Southaven LLC. Defendants admit that GGNSC Southaven LLC paid GGNSC Clinical Services LLC a monthly service fee that came, in part, from revenues GGNSC Southaven LLC received for providing care to elderly and infirm residents at GGNSC Southaven LLC up until May 1, 2013. Defendants admit to the allegations in the last sentence.

## NATURE OF DEFENDANTS' LIABILITY

17. This paragraph states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Defendants deny that they committed any conduct in violation of the FCA. Defendants deny that they jointly operated and controlled the Southaven facility. Defendants deny each remaining allegation not expressly admitted herein.

18. This paragraph states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Defendants deny that they jointly operated and controlled the Southaven facility. Defendants deny each remaining allegation not expressly admitted herein.

## JURISDICTION AND VENUE

19. This paragraph states a legal conclusion as to which no responsive pleading is required.

20. This paragraph states legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, Defendants admit that the Southaven facility is in Mississippi, but Defendants specifically deny that they committed any FCA violation.

21. Defendants deny that they all operated Southaven or engaged in any acts proscribed by 31 U.S.C. § 3729 that would give rise to venue under 31 U.S.C. § 3732(a).

## LEGAL BACKGROUND

*False Claims Act*

22. Paragraph 22 contains Relator's characterization of the FCA to which no response is required. The FCA speaks for itself and is the best evidence of its content.

23. Paragraph 23 contains a quotation from the FCA, to which no response is required. The statute speaks for itself and is the best evidence of its content.

24. Defendants admit only that this paragraph purports to refer to provisions of the FCA. The FCA speaks for itself, and is the best evidence of its content.

*Medicare and Medicaid*

25. Defendants admit that Congress enacted Title XVIII of the Social Security Act in 1965. The Social Security Act and any amendments thereto speak for themselves, to which no response is required, and are the best evidence of their content.

26. Paragraph 26 contains Relator's characterization of the Medicare program, to which no response is required. The laws underlying the Medicare program speak for themselves and are the best evidence of their content.

27. Defendants admit that the Medicare program is administered through the United States Department of Health and Human Services ("HHS") and Centers for Medicare and Medicaid Services ("CMS").

28. Paragraph 28 contains Relator's characterization of CMS Form 1561, to which no response is required. Additionally, Defendants deny signing a CMS Form 1561.

29. Defendants admit that Medicaid was created at the same time as Medicare in 1965 when Title XIX was added to the Social Security Act. The Social Security Act, Medicare program, and Medicaid program and any amendments thereto speak for themselves and are the best evidence of their content.

30. Paragraph 30 contains Relator's characterization of Medicaid program, to which no response is required.

31. Paragraph 31 contains Relator's characterization of the Medicaid program, to which no response is required.

32. Paragraph 32 contains Relator's characterization of the Medicaid program, to which no response is required.

*Nursing Home Reform Act and Accompanying Regulation*

6

33. Paragraph 33 contains Relator's general characterization of the Medicare program and the Nursing Home Reform Act ("NHRA"), to which no response is required. To the extent those characterizations are based upon statutes or regulations, those statutes or regulations speak for themselves and are the best evidence of their content.

34. Defendants admit only that this paragraph purports to refer to provisions of the NHRA. The NHRA speaks for itself, to which no response is required, and is the best evidence of its content.

35. Defendants admit only that this paragraph purports to refer to provisions of the NHRA. The NHRA speaks for itself, to which no response is required, and is the best evidence of its content.

36. Paragraph 36 contains the Relator's characterization of law, to which no response is required.

37. Paragraph 37 contains the Relator's characterization of law, to which no response is required.

## FACTUAL ALLEGATIONS

38. Defendants admit that GGNSC Southaven LLC is a nursing facility that provides care to individuals in the need of nursing care and treatment. Defendants admit that approximately 140 patients could receive care at any point in time at GGNSC Southaven LLC in 2013 and 2014.

39. Defendants deny that CMS first certified Defendants as a participating provider in 1989. To the extent that paragraph 39 quotes from a document, that document speaks for itself. Defendants admit that there were GGNSC Southaven LLC patients who received healthcare services in 2013 and 2014 that were reimbursable through Medicare and/or Medicaid.

7

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 40.

41. Defendants deny that GGNSC Southaven LLC executed a Provider Agreement with the United States. Defendants also deny the allegations in the remainder of the paragraph. To the extent that paragraph 41 quotes from a document, that document speaks for itself.

42. Defendants deny the allegations in this paragraph. Specifically, Defendants deny that GGNSC Southaven LLC executed a Provider Agreement with Mississippi. To the extent that paragraph 42 quotes from a document, that document speaks for itself.

43. Defendants deny the allegations in this paragraph. To the extent that paragraph 43 quotes from the Mississippi Medicaid Plan, the Plan speaks for itself.

44. Defendants deny the allegations in this paragraph.

45. Defendants deny that GGNSC Administrative Services submitted Minimum Data Sets to CMS. The second sentence of Paragraph 45 is a characterization regarding Minimum Data Sets, to which no response is required.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47. Defendants deny the allegations in this paragraph.

48. Defendants deny that they all had a role in submitting the Minimum Data Set. GGNSC Administrative Services acquired a software product through which facilities like Southaven submitted Minimum Data Sets. GGNSC Clinical had no role in the Minimum Data Sets. To the extent that paragraph 48 quotes from a document, that document speaks for itself.

49. The first two sentences of Paragraph 49 are denied. As to the third and fourth sentences, the language in the cost report speaks for itself, to which no response is required, and is the best evidence of its content.

50. The first two sentences of Paragraph 50 are denied. As to the third and fourth sentence, the language in the cost report speaks for itself, to which no response is required, and is the best evidence of its content.

51. Defendants deny the allegations in this paragraph.

52. Defendants deny the first sentence of paragraph 52. As to the second sentence of paragraph 52, the language in the cost report speaks for itself, to which no response is required, and is the best evidence of its content.

53. Defendants deny the allegations in this paragraph.

54. Defendants deny the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

56. Defendants deny the allegations in this paragraph.

57. Defendants admit that the Director of Nursing Services was responsible for performing the duties outlined in the DNS' job description related to the daily nursing services and care which can include reviewing patient charts, care plans, and staff assignments and meeting with other employees on a weekly basis to discuss patients' health and care plans. Relator, however, mischaracterizes Ms. Trofort's role in providing skilled nursing facility related services. Defendants deny that skilled nursing facility services at GGNSC Southaven LLC were rendered almost exclusively by Ms. Trofort.

58. Defendants admit that the DNS responsibilities are reflected in the job description of the Director of Nursing.

9

59. Defendants deny the allegation in this paragraph.

60. Defendants admit that Ms. Trofort did not have a Mississippi nursing license during the Relevant Time Period. However, to the extent Relator implies that Ms. Trofort was unauthorized to practice in Mississippi, the allegations are denied. Any remaining allegations are denied.

61. Defendants deny the allegations in this paragraph.

62. Defendants admit that Ms. Trofort possessed a multistate nursing license issued by the State of Virginia. Defendants deny that the license did not authorize Ms. Trofort to practice nursing in Mississippi during the Relevant Time Period.

63. Defendants admit that Virginia and Mississippi are "compact" states that adopted the nurse licensure compact. Defendants also admit that the nurse licensure compact permits nurses possessing a valid multistate license issued by their "home state" (i.e., primary residence) to practice nursing in other jurisdictions, but deny all other assertions in paragraph 63.

64. Paragraph 64 contains Relator's general characterization of Virginia law's residency requirements as it pertains to Virginia multistate nursing license. To the extent those characterizations are based upon statutes or regulations, those statutes or regulations speak for themselves and are the best evidence of their content. Defendants deny the allegations in the second sentence.

65. Paragraph 65 contains quotations from Virginia Law regarding the renewal process for nursing licenses, to which no response is required. The statutes and regulations speak for themselves and are the best evidence of their content.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences in this paragraph. The fourth sentence is a

characterization of law to which no response is required. The underlying State statutes speak for themselves.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Defendants note that during the renewal process, Ms. Trofort represented that her primary residence was Virginia.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

70. Defendants deny that Tennessee and Mississippi law prohibited Ms. Trofort from using her Virginia multistate license to practice nursing in Mississippi while residing in Tennessee during the Relevant Time Period. The second sentence is Relator's characterization and interpretation of Virginia and Mississippi law, to which no response is required. The statute speaks for itself and is the best evidence of its content.

71. With respect to the first sentence, Defendants deny that Ms. Trofort's valid multistate license was no longer sufficient when she began working at the Southaven facility in Mississippi. Defendants deny that Ms. Trofort had to apply for a new license in Tennessee or Mississippi. To the extent that paragraph 71 implies that Defendants knew or recklessly disregarded Ms. Trofort's compliance with the law, it is denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of the paragraph.

72. Defendants admit that Ms. Trofort practiced under a Virginia multistate license during the entirety of her employment at Southaven but deny that this practice violated any law.

Defendants lack sufficient knowledge to know whether Ms. Trofort applied for a Mississippi or Tennessee license before or during her tenure at Southaven.

73. Defendants deny that Ms. Trofort, who possessed a multistate license, was prohibited by law from practicing nursing in Mississippi during the Relevant Time Period. Defendants deny the remainder of the allegations in paragraph 73.

74. Paragraph 74 is Relator's characterization of Mississippi Law's requirements for nursing facilities to perform criminal history background checks, to which no response is required. To the extent the characterization is based on statutes and regulations, those statutes and regulations speak for themselves and are the best evidence of their content.

75. Defendants deny the allegations in this paragraph.

76. Paragraph 76 summarizes an alleged incident that occurred on November 19, 2008, involving Ms. Trofort. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that Relator implies that a background check would have discovered this incident, it is denied.

77. Paragraph 77 summarizes an alleged incident that occurred on November 7, 2011, involving Ms. Trofort. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. To the extent that Relator implies that a background check would have discovered this incident, it is denied.

78. Paragraph 78 summarizes an alleged incident that occurred on January 31, 2012, involving Ms. Trofort. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. To the extent that Relator implies that a background check would have discovered this incident, it is denied.

79. Paragraph 79 summarizes an alleged incident that occurred on March 8, 2013, involving Ms. Trofort. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. To the extent that Relator implies that a background check would have discovered this incident, it is denied.

80. Defendants admit that GGNSC Administrative Services, as part of its services agreement, supplied information received from GGNSC Southaven to a background check contractor/processor to perform a criminal history background check on Ms. Trofort that it shared with GGNSC Southaven. Defendants deny that GGNSC Administrative Services shared the criminal history background check with GGNSC Clinical Services. Defendants deny the remaining allegations in this paragraph.

81. Defendants deny the allegations in this paragraph.

82. Defendants deny the allegations in this paragraph. To the extent Relator characterizes Virginia, Mississippi, and Tennessee law as prohibiting Ms. Trofort from practicing on her Virginia multistate license, it is denied.

83. Defendants deny the allegations in this paragraph.

84. Defendants deny the allegations in this paragraph.

85. Defendants deny the allegations in this paragraph.

86. Defendants deny the allegations in the first three sentences of paragraph 86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this fourth sentence of paragraph 86.

87. Defendants deny the allegations in this paragraph.

88. The first sentence of paragraph 88 contains a characterization of law to which no response is required and the underlying laws speak for themselves and are the best evidence of their content. Defendants deny the second and third sentences in paragraph 88.

89. Defendants deny the allegations in this paragraph.

*Defendants' Continuous Violations of the Provider Agreements and Applicable Laws*

90. Defendants deny the allegations in this paragraph. Additionally, to the extent that Relator alleges or implies that Ms. Trofort's employment continued after March 31, 2014, it is denied.

91. Defendants deny the allegations in this paragraph.

92. Paragraph 92 quotes 42 C.F.R. § 483.70(b), to which no response is required. The regulation speaks for itself and is the best evidence of its content.

93. Paragraph 93 quotes 42 C.F.R. § 483.70(f)(2), to which no response is required. The regulation speaks for itself and is the best evidence of its content.

94. Paragraph 94 contains a characterization of law to which no response is required and the underlying laws speak for themselves and are the best evidence of their content.

95. Paragraph 95 quotes the Mississippi Code, to which no response is required. The statute speaks for itself and is the best evidence of its content.

96. Defendants admit that Ms. Trofort practiced as a registered nurse within the meaning of Mississippi law during her time as Director of Nursing Services at Southaven. Defendants deny the allegation in the second sentence.

97. Paragraph 97 is Relator's characterization of and quotations from Mississippi law, to which no response is required, and which speaks for itself and is the best evidence of its content.

98. Defendants deny that Ms. Trofort lacked a valid multistate nursing license during the Relevant Time Period. Defendants deny the remaining allegations in this paragraph.

99. Defendants deny the allegations in this paragraph.

100. Defendants deny the allegations in this paragraph.

101. Defendants deny the allegations in this paragraph.

102. Defendants deny the allegations in this paragraph.

103. Defendants deny the allegations in the first sentence of this paragraph. With respect to the second sentence in this paragraph, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

104. Defendants deny the allegations in this paragraph.

105. Defendants deny the allegations in this paragraph.

106. Defendants deny the allegations in this paragraph.

107. Defendants deny the allegations in the first and third sentences of this paragraph. To the extent the second sentence of paragraph 107 quotes from a form, the language contained on the form speaks for itself and is the best evidence of its content.

108. Defendants deny the allegations in this paragraph. To the extent that paragraph 108 contains characterizations of a statute, no response is required. The statute speaks for itself and is the best evidence of its content.

109. The allegations in this paragraph are denied.

110. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Additionally, the Office of Inspector General ("OIG") for HHS website speaks for itself, to which no response is required, and is the best evidence of its content.

111. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Additionally, the OIG for HHS website speaks for itself, to which no response is required, and is the best evidence of its content.

112. Defendants deny the allegations in this paragraph.

## COUNTS

### COUNT ONE

113. Defendants restate and incorporate by reference their responses to paragraphs 1 through 112.

114. Defendants deny the allegations in this paragraph.

115. Defendants deny the allegations in this paragraph.

116. Defendants deny the allegations in this paragraph.

117. Defendants deny the allegations in this paragraph.

### COUNT TWO

118. Defendants restate and incorporate by reference their responses to paragraphs 1 through 117.

119. Defendants deny the allegations in this paragraph.

120. Defendants deny the allegations in this paragraph.

121. Defendants deny the allegations in this paragraph.

122. Defendants deny the allegations in this paragraph.

123. Defendants deny the allegations in this paragraph.

### PRAYERS FOR RELIEF

Defendants deny that Relator is entitled to relief and deny the allegations in Relator's sub-paragraphs.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to the SAC without assuming the burden of proof where such burden is otherwise on the Relator pursuant to applicable law. Defendants reserve the right to amend and/or supplement their affirmative defenses and assert counterclaims as more information becomes known during the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

The Relator has failed to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Relator's claims are barred under the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4).

### THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to seek their attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d)(4), and any other statutory provision or other authority applicable to this case.

### FOURTH AFFIRMATIVE DEFENSE

The SAC violates the Fifth, Sixth, and Eighth Amendments of the United States Constitution to the extent Relator seeks damages and/or penalties above and beyond actual damages.

WHEREFORE, Defendants deny each and every allegation in the SAC except as may be specifically admitted and qualified above and Defendants demand strict proof of the same.

Dated: January 11, 2021             Respectfully submitted,

                                    */s/ Margaret Sams Gratz*
                                    Margaret Sams Gratz, Esq. (MSB # 99231)

17

William Grant Armistead (MSB # 9786)
Mitchell, McNutt & Sams, P.A.
P. O. Box 7120
Tupelo, MS 38802-7120
Telephone: (662) 842-3871
mgratz@mitchellmcnutt.com

Robert Salcido (*pro hac vice*)
D.C. Bar No. 447951
California Bar No. 139138
Akin Gump Strauss Hauer & Feld LLP
2001 K. Street, N.W.
Washington, D.C. 20006
Telephone: 202-887-4000
rsalcido@akingump.com

*Attorneys for Defendants*
**GGNSC Southaven LLC D/B/A Golden LivingCenter-Southaven; GGNSC Administrative Services LLC; GGNSC Clinical Services**

## **CERTIFICATE OF SERVICE**

This is to certify that I, Robert Salcido, one of the attorneys for GGNSC Southaven, LLC individually and on behalf of all Defendants have this day furnished a true and correct copy of the above and foregoing **ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** to the following via ECF filing:

Philip N. Elbert, Esq.
Lisa P. Binder, Esq.
Nathan C. Sanders, Esq.
Neal & Harwell, PLC
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
pelbert@nealharwell.com
lbinder@nealharwell.com
nsanders@nealharwell.com

This 11th day of January, 2021.

                                                         */s/ Robert Salcido*
                                                         ROBERT SALCIDO