# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

FOR AND IN CONSIDERATION of the payment to the undersigned of the sum of THREE HUNDRED SEVENTY THOUSAND AND NO/100 DOLLARS ($370,000.00), and other good and valuable consideration, the receipt of which is hereby acknowledged, there being no promises of further benefit or payment to be received, I, Willie J. Taylor, as Administrator of the Estate of Cassie Yvonne Smith Taylor, deceased, and on behalf of the wrongful death beneficiaries of Cassie Yvonne Smith Taylor, and on behalf of any and all respective heirs, administrators, guarantors, executors, assigns, and any other person or entity claiming through or under me, hereby now and forever release, acquit and discharge: *GGNSC Southaven, LLC d/b/a Golden LivingCenter Southaven; GGNSC Administrative Services, LLC d/b/a Golden Ventures; GGNSC Clinical Services, LLC d/b/a Golden Clinical Services; GGSNC Holdings, LLC d/b/a Golden Horizons; Golden Gate National Senior Care, LLC d/b/a Golden Living; GGSNC Equity Holdings, LLC and Golden Gate Ancillary, LLC d/b/a Golden Innovations*; their corporate parents; and, (i) any of their subsidiaries, insurers and any person or entity related thereto, present and former servants, consultants, agents, attorneys, members, directors, officers, employees, medical directors in their capacity as medical directors, any contractor or service provider to whom the released parties are directly liable for a defense or indemnity pertaining to the alleged injuries which are the subject of the claims hereby released, successors, assigns, and shareholders, both jointly and severally (hereinafter referred to as "released parties"), from any and all claims, demands, actions, causes of action, suits, costs, damages, expenses, attorney's fees, compensation and liability of every kind, character and description, including claims for wrongful death, either direct or consequential, at law or in equity, which the undersigned as such next of kin, the respective heirs, administrators, executors and assigns, may now have, whether

1

known or unknown, including but not limited to those which the undersigned may now have, may have had at any time heretofore or may have at any time hereafter arising out of or in any way based upon any act, omission, transaction or occurrence relating to the care of Cassie Yvonne Smith Taylor while a resident of Golden LivingCenter-Southaven, and including but not limited to those or that incidental to the claim or claims for damages arising out of or connected with the allegations asserted or, though not asserted, that could have been asserted in the complaint pending in the United States District Court for the Northern District of Mississippi, Oxford Division, Docket No. 3:15cv00216-MPM-RP, styled, *Estate of Cassie Yvonne Smith Taylor, Deceased, by and through Willie J. Taylor, Administrator of the Estate of Cassie Yvonne Smith Taylor, Deceased, for the Use and Benefit of the Estate of Cassie Yvonne Smith Taylor, Deceased and for the Use and Benefit of the Wrongful Death Beneficiaries of Cassie Yvonne Smith Taylor, Plaintiff v. GGNSC Southaven, LLC d/b/a Golden LivingCenter Southaven; GGNSC Administrative Services, LLC d/b/a Golden Ventures; GGNSC Clinical Services, LLC d/b/a Golden Clinical Services; GGNSC Holdings, LLC d/b/a Golden Horizons; Golden Gate National Senior Care, LLC d/b/a Golden Living; GGNSC Equity Holdings, LLC and Golden Gate Ancillary, LLC d/b/a Golden Innovations, Defendants* which, with the signing of this release, is being **DISMISSED WITH PREJUDICE**, as to all claims against defendants, with each party to bear its own costs, attorney's fees and the tender and entry of an appropriate order of **DISMISSAL WITH PREJUDICE**, the entry of same being an essential element of consideration paid hereunder. The undersigned hereby represents that he is the duly authorized Administrator of the Estate of Cassie Yvonne Smith Taylor, deceased, and in said capacity has full authority to effect settlement in this matter. The undersigned further represents and warrants that he has the authority to bind all real parties in interest including the wrongful death

2

2115204

beneficiaries whom the undersigned represents.

Without limiting the terms and conditions set forth above, it is further understood and agreed that this release does not, and is not intended to, release or discharge any claim or potential claim against any other person or entity not identified or otherwise described herein, including, but not limited to, any claim or potential claim against any other nursing home, any surgeon or doctor, or their professional association, nurses, or independent contractors, any therapy company or pharmaceutical company, or any hospital except those specifically provided or otherwise described herein, provided that the prosecution of such claims by the releasing parties above named does not subject the Released Parties to any obligation of indemnification, defense, or contribution.

THE UNDERSIGNED, either herself or through counsel, has contacted the appropriate agency(ies) regarding Medicare and/or Medicaid claims and/or liens and has received a response from such agency(ies). The undersigned, as a condition of payment to undersigned of the settlement proceeds herein, has provided the released parties with complete and accurate information needed to enable the released parties to meet reporting and other legal requirements related to Medicare and Medicaid liens. The undersigned has paid, or will pay, any Medicare and/or Medicaid claims and/or liens from the proceeds of this settlement. Plaintiff agrees to instruct his attorneys, Jehl Law Group, PLLC, to hold in trust sum as Plaintiff and his counsel deem necessary to satisfy all claims/liens of the agreed upon settlement amount and make timely payments related to the liens. Documentation proving the liens amounts will be sent to the Defendants, via U.S. Mail and facsimile,, to L. Bradley Dillard, Mitchell McNutt & Sams, PA, P.O. Box 7120, Tupelo, Mississippi 38802-7120, counsel for the Defendants.

THE UNDERSIGNED AGREES to protect, provide for any defense, indemnify, and hold harmless the said released parties, from any and all liens, by Medicare or Medicaid or otherwise, claims, actions, causes of actions, suits, costs, attorney's fees, damages, expenses, compensation and liabilities of every kind, character and description, either direct or consequential, wrongful death cause of action beneficiaries, which his heirs, administrators, executors and assigns, guardians, insurers or any other person or entity may have now, may have had at any time heretofore or may have any time hereafter, personally or in any representative capacity, at law or in equity, which demands, costs, attorney's fees, expenses and compensation are on account of or in any manner growing out of those matters released herein, including, but not limited to, any claims brought pursuant to the preceding paragraph and any claims brought by the wrongful death cause of action beneficiaries of Cassie Yvonne Smith Taylor. Should any wrongful death cause of action beneficiary bring any action that is in any way related to this Settlement or the disbursement of the Settlement proceeds, Willie J. Taylor agrees to provide for any defense, indemnify and hold harmless the Released Parties and their attorneys and shall agree to refrain from filing a third-party action, of any kind, against the Released Parties and their attorneys.

I, Willie J. Taylor, as the duly authorized Administrator of the Estate of Cassie Yvonne Smith Taylor, deceased, and on behalf of any and all respective wrongful death beneficiaries, heirs, administrators, executors and assigns, do hereby agree and understand that the payment of the aforesaid sum is solely for the purpose of compromising a disputed claim and that said payment is not to be construed as an admission of liability upon the part of any persons, firms, corporations, partnerships or other entities hereby released and indemnified, by whom liability is expressly denied. To procure payment of said sum, I hereby declare that I am more than

nineteen (19) years of age; that I am entering into this agreement in my capacity as the duly authorized Administrator of the Estate of Cassie Yvonne Smith Taylor, deceased, to compromise any and all claims which might have been brought by or on behalf of Cassie Yvonne Smith Taylor and on behalf of the wrongful death beneficiaries of Cassie Yvonne Smith Taylor. I understand I am responsible for the proper disbursement of these proceeds and that the released parties are discharged from any other or further responsibility or liability to any and all claimants to these proceeds; and that no representations about the nature and extent of said damages or injuries made by an attorney, physician or agent of any party hereby released nor any representations by them regarding the nature and extent of legal liability or financial responsibility of any of the parties released have induced us to make this settlement.

For the same consideration, and without limiting in any way the generality of the above and foregoing Agreement, the parties agree never to disclose to any non-party or member of the media, the terms and conditions herein except as required by court order. Further, in the event that any party member is asked about the outcome or status of the action by any non-party or member of the media, it is agreed that the reply given shall be the words, "No comment," "The case has been dismissed," or "The case has been compromised," or "The case settled," without further comment or remarks. The parties understand that among the reasons for such a confidentiality agreement is that all parties do not wish the facts and circumstances surrounding the terms and/or conditions of this Agreement to be referenced or discussed, directly or indirectly, by way of publicity or otherwise. If any party is subjected to mandatory process of a court of competent jurisdiction requiring disclosure of any information protected by this confidentiality agreement, that party shall immediately give written notice to the other party or parties.

5

2115204

The undersigned, Willie J. Taylor, as the duly authorized Administrator of the Estate of Cassie Yvonne Smith Taylor, deceased, is responsible for any and all liens which may be filed as a result of this settlement agreement, including, but not limited to, any lien that may be filed by Medicare or Medicaid.

I acknowledge that I have been represented by legal counsel of my employ at all times relevant herein, and have been fully advised and informed by my counsel of the contents of this settlement agreement and release.

I have carefully read the foregoing release (consisting of this page and five preceding pages, which bear my signature on the bottom margin thereof), and I know and understand the contents of said release, and do sign the same as my own free act and deed, and in my capacity as the duly authorized Administrator of the Estate of Cassie Yvonne Smith Taylor, deceased, on this _____ day of _____, 2017.

                                                */s/ Willie J. Taylor*
                                                Willie J. Taylor, Administrator of the
                                                Estate of Cassie Yvonne Smith Taylor, deceased

2115204

STATE OF ~~MISSISSIP~~PI Tennessee
COUNTY OF  Shelby

    I, the undersigned Notary Public in and for said county and said state, hereby certify that Willie J. Taylor, as the duly authorized Administrator of the Estate of Cassie Yvonne Smith Taylor, deceased, whose name is signed to the foregoing release of all claims, and who is known to me, acknowledged before me on this day that, being informed of the contents of this release of all claims, he executed the same voluntarily on the day the same bears date.

    GIVEN under my hand and seal this 26th day of June, 2017.

NOTARY PUBLIC
My Commission expires **My Commission Expires: December 7, 2020**

7

2115204

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ESTATE OF CASSIE YVONNE SMITH TAYLOR      PLAINTIFF

V.      NO. 3:15CV216-M-P

GGNSC BATESVILLE, LLC, ET AL      DEFENDANTS

### ORDER DISMISSING ACTION BY REASON OF SETTLEMENT

The court has been advised by counsel that this action has been settled, or is in the process of being settled. Therefore, it is not necessary that the action remain upon the calendar of the court.

**IT IS HEREBY ORDERED** that this action be dismissed without prejudice. The court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary.

This the 8th day of May, 2017.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI