# False Claims Act &
# the Health Care Industry
## *Counseling & Litigation*

### Third Edition

# Robert S. Salcido



# False Claims Act & the Health Care Industry:
## *Counseling & Litigation*

## Third Edition

Robert S. Salcido



**American Health Lawyers Association**

**AMERICAN HEALTH LAWYERS ASSOCIATION**
1620 Eye Street, NW, 6th Floor
Washington, DC 20006-4010
Web site: www.healthlawyers.org
E-Mail: info@healthlawyers.org

Copyright © 2018 Matthew Bender & Company, Inc., a member of LexisNexis.
All rights reserved.

No part of this publication may be reproduced, stored in a retrieval system, or transmitted, in any form, or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the express, written permission of the publisher.

Printed in the United States of America

ISBN: 978-0-7698-8458-5

978-0-7698-8457-8 (Members)

978-0-7698-8460-8 (eBook)

978-0-7698-8459-2 (eBook, Members)

*"This publication is designed to provide accurate and authoritative information with respect to the subject matter covered. It is provided with the understanding that the publisher is not engaged in rendering legal or other professional services. If legal advice or other expert assistance is required, the services of a competent professional person should be sought."*

—from a declaration of the American Bar Association

**3:03.B.5**  *False Claims Act & The Health Care Industry*

relator's action is barred under the public disclosure bar.[95] Courts have also routinely ruled that relators cannot pursue common law or overpayment claims against defendants.[96]

---

relators in the *qui tam* action from which recovery directly ensues, the statute accords them no share of the bounty"); *see also* Webster v. United States, No. 99-1485, 2000 U.S. App. LEXIS 16006 (4th Cir. July 12, 2000); United States ex rel. Ubl v. Savin Corp., No. 1:97 mc 117, 2006 U.S. Dist. LEXIS 24951 at *8–*9 (E.D. Va. Apr. 18, 2006) (ruling that no "matter how broadly the Court interprets the phrase 'any alternative remedy', there must still be proceeds resulting from Relator's *qui tam* claims or from an investigation and alternative remedy resulting from Relator's *qui tam* claims. Unless the government has received proceeds to remedy a claim of liability, Relator has no right of compensation" and thus holding that government audit unconnected from the relator's claims did not constitute an alternative remedy), *aff'd other grounds*, 2007 U.S. App. LEXIS 1371 (4th Cir. Jan. 22, 2007).

[95] *See, e.g.*, United States v. Sprint Communs., Inc., 855 F.3d 985, 991–93 (D.C. Cir. 2017) (rejecting the relator's contention that where the government declined to intervene in the relator's action, which was subsequently dismissed under the public disclosure bar, and instead brought a separate action against defendant, that the separate action constituted an "alternative remedy" to which the relator would be entitled to a separate recovery because Subsection 3730(c)(5) protects relator's rights "only to the extent his rights would have been protected had the Government intervened in his *qui tam* action" and finding that if the government had intervened in that action, the relator would have been entitled to no recovery because of his dismissal under the public disclosure bar).

[96] **Courts do not permit relators to pursue common law claims against defendants.** *See, e.g.*,

*D.C. Circuit:* United States ex rel. Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 14–15 (D.D.C. 2003) ("A relator in a *qui tam* FCA action does not have standing to assert common law claims based upon injury sustained by the United States") (citations omitted).

*First Circuit:* United States ex rel. Walsh v. Eastman Kodak Co., 98 F. Supp. 2d 141, 149 (D. Mass. 2000) ("[T]he FCA does not give relators the right to assert common law claims on behalf of the United States") (citations omitted).

*Second Circuit:* Haas v. Gutierrez, No. 07 CV 3623, 2008 U.S. Dist. LEXIS 48762, at *15 (S.D.N.Y. June 26, 2008) (rejecting plaintiff's common law causes of action for unjust enrichment, payment by mistake, recoupment of overpayment, and fraud because Congressional grant of private standing to sue in FCA cases does not extend to common law causes of action); United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp., 152 F. Supp. 2d 443, 451 (S.D.N.Y. 2001) (the relator's "common law claims must be dismissed because [the relator] lacks standing to bring common law claims on behalf of the Government under the FCA").

*Fourth Circuit:* United States ex rel. Hedley v. Abhe & Svoboda, Inc., No. RDB-14-2935, 2015 U.S. Dist. LEXIS 100070, at *22 (D. Md. July 31, 2015); United States ex rel. Mayman v. Martin Marietta Corp., 894 F. Supp. 894 F. Supp. 218, 225–26 (D. Md. 1995). The district court pointed out:

[Defendant] argues that the Relator can participate only in regard to the False Claims Act

*(Text continued on page 491)*

counts and has no standing as to the other counts. Technically, [defendant] is correct. A Relator has standing under the False Claims Act either because of his financial stake in the outcome or because Congress statutorily assigned him part of the Government's cause of action . . . . Neither situation applies in the context of breach of contract and common law claims where Congress has not granted the Relator any comparable rights. The Relator cites 31 U.S.C.A. § 3730(c)(5) . . . By its terms, this passage permits continued recovery by a Relator if the Government chooses to pursue the false claim in another forum. However, it does not cover additional counts raised by the Government as part of an action in the same forum in which the False Claims Act counts are brought.

*Fifth Circuit:* United States ex rel. Ligai v. ETS-Lindgren Inc., No. H-11-2973, 2014 U.S. Dist. LEXIS 129164, at *42, (S.D. Tex. Sept. 16, 2014) ("Courts do not allow relators to assert common-law claims based on the 'partial assignment' of the government's FCA claims under 31 U.S.C. § 3730(b)") (citation omitted), *aff'd* 2015 U.S. App. LEXIS 13787 (5th Cir. Aug. 4, 2015); United States ex rel. Acad. Health Ctr. v. Hyperion Found., Inc., No. 3:10-CV-552, 2014 U.S. Dist. LEXIS 93185, at *140–41 (S.D. Miss. July 9, 2014); United States ex rel. Gonzalez v. Fresenius Med. Care N. Am., No. EP-07-CV-247, 2008 U.S. Dist. LEXIS 78251 at *25–*26 (W.D. Tex. Sept. 2, 2008).

*Sixth Circuit:* United States ex rel. Laucirica v. Stryker Corp., No. 1:09-CV-63, 2010 U.S. Dist. LEXIS 42881, at *24 (W.D. Mich. May 3, 2010).

*Seventh Circuit:* United States ex rel. Cherry v. Rush-Presbyterian/St. Luke's Med. Ctr., No. 99 C 06313, 2000 U.S. Dist. LEXIS 21010 at *16 (N.D. Ill. Jan. 16, 2001) ("The government also urges this Court to dismiss Count II, by which [the relator] seeks to hold [the relator] liable under the common law of unjust enrichment. While as 'relator', [he] could have standing to pursue on behalf of the United States claims defined in the False Claims Act, a common law cause of action for unjust enrichment is separate and distinct from an FCA claim . . . . [The relator] has no standing to bring an unjust enrichment claim against [the defendant] because the benefits at issue, federal health insurance payments, were conferred by the United States, not the relator, and if they were unjustly retained it would be at the Government's expense, not [the relator's]") (citations omitted).

*Eighth Circuit:* United States ex rel. Allen v. Guidant Corp., No. 11-22, 2012 U.S. Dist. LEXIS 34192, at *32 (D. Minn. Mar. 14, 2012) ("The Court concludes that Relator does not have standing under the FCA to bring common law claims on behalf of the government").

*Tenth Circuit:* United States ex rel. Fortenberry v. Holloway Grp., Inc., No. CV-11-247, 2014 U.S. Dist. LEXIS 98549, at *6 (W.D. Okla., July 21, 2014).

*Eleventh Circuit:* United States ex rel. King v. Jackson Cty. Hosp. Corp., No. 5:99cv73, 2001 U.S. Dist. LEXIS 21706 at *33–*34 (N.D. Fla. Aug. 17, 2001) ("Since Relator does not allege that he suffered an injury in fact, *i.e.*, that he was defrauded or that Defendants were unjustly enriched at his expense, he lacks standing to assert common law claims") (citation omitted).

Finally, Relator's unjust enrichment and payment by mistake of fact claims (Counts III and IV) should be dismissed under Fed. R. Civ. P. 12(b)(6). For decades, courts have routinely ruled that relators cannot pursue common law or overpayment claims against defendants on the United States' behalf because standing to sue in FCA cases does not extend to common law causes of action. *See, e.g., U.S. ex rel. Allen v. Alere Home Monitoring, Inc.,* 334 F. Supp. 3d 349, 366-67 (D. Mass. 2018); *U.S. ex rel. Ligai v. ETS-Lindgren Inc*., No. H-11-2973, 2014 U.S. Dist. LEXIS 129164, at *42, (S.D. Tex. Sept. 16, 2014) ("Courts do not allow relators to assert common-law claims based on the 'partial assignment' of the government's FCA claims under 31 U.S.C. § 3730(b)") (citation omitted), *aff'd*, 611 F. App'x 219 (5th Cir. Aug. 4, 2015); *U.S. ex rel. Acad. Health Ctr. v. Hyperion Found., Inc.,* No. 3:10-CV-552, 2014 U.S. Dist. LEXIS 93185, at *140-41 (S.D. Miss. July 9, 2014); *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, No. EP-07-CV-247, 2008 U.S. Dist. LEXIS 78251, at *25–26 (W.D. Tex. Sept. 2, 2008); *Haas v. Gutierrez*, No. 07 CV 3623, 2008 U.S. Dist. LEXIS 48762, at *15 (S.D.N.Y. June 26, 2008) (rejecting plaintiff's common law causes of action for unjust enrichment, payment by mistake, recoupment of overpayment, and fraud because Congressional grant of private standing to sue in FCA cases does not extend to common law causes of action).[6] Relator does not plead any facts indicating that

---

[6] *See also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 14 (D.D.C. 2003) ("A relator in a *qui tam* FCA action does not have standing to assert common law claims based upon injury sustained by the United States") (citations omitted); *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 451 (S.D.N.Y. 2001) (the relator's "common law claims must be dismissed because [the relator] lacks standing to bring common law claims on behalf of the Government under the FCA"); *U.S. ex rel. King v. Jackson Cty. Hosp. Corp.*, No. 5:99cv73, 2001 U.S. Dist. LEXIS 21706, at *33–34 (N.D. Fla. Aug. 17, 2001) ("Since Relator does not allege that he suffered an injury in fact, *i.e.*, that he was defrauded or that Defendants were unjustly enriched at his expense, he lacks standing to assert common law claims") (citation omitted); *U.S. ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 149 (D. Mass. 2000) ("[T]he FCA does not give relators the right to assert common law claims on behalf of the United States") (citations omitted); *U.S. ex rel. Grant v. Rush-Presbyterian/St. Luke's Med. Ctr.*, No. 99 C 06313, 2000 U.S. Dist. LEXIS 21010, at *16-17 (N.D. Ill. Jan. 16, 2001) ("The government also urges this Court to dismiss Count II, by which [the relator] seeks to hold [the defendant] liable under the common law of unjust enrichment. While as 'relator', [he] could have standing to pursue on behalf of the United States claims defined in the False Claims Act, a common law cause of action for unjust enrichment is separate and

the Court should reject this vast body of case law and hence Courts III and IV should be dismissed as a matter of law.

## II. THE COURT SHOULD DISMISS RELATOR'S FCA ALLEGATIONS (COUNTS I AND II)

### A. Relator's Allegation That Defendants Presented False Claims (Count I) Fails to State a Claim for Relief

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a relator must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [his] claim[] across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). At a minimum, these standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To satisfy Rule 12(b)(6) in an FCA case, Relator must plausibly plead the four elements of FCA liability: falsity, knowledge, materiality, and causation. *U.S. ex rel. Harman v. Trinity Indus.*, 872 F.3d 647, 653-54 (5th Cir. 2017) (describing elements). Because Relator cannot plausibly plead any of these elements, the Court should dismiss his action.

#### 1. Relator Does Not Plausibly Plead Any False Claim

Although "proof of a false claim against the government is the *sine qua non* of liability under the FCA," *Solvay Pharms, Inc.*, 871 F.3d at 326 (citations omitted), Relator fails to identify any such claim here. Indeed, Relator does not plead a typical FCA action. For example, he does

---

distinct from an FCA claim… . [The relator] has no standing to bring an unjust enrichment claim against [the defendant] because the benefits at issue, federal health insurance payments, were conferred by the United States, not the relator, and if they were unjustly retained it would be at the Government's expense, not [the relator's]") (citations omitted).