# EXHIBIT A

**Joseph, Penney**

| | |
|---|---|
| **From:** | Salcido, Robert |
| **Sent:** | Monday, May 22, 2023 8:12 PM |
| **To:** | Salcido, Robert |
| **Subject:** | FW: Activity in Case 3:19-cv-00091-MPM-JMV United States of America, ex rel. Cameron Jehl v. GGNSC Southaven LLC et al Memorandum in Support |
| **Attachments:** | 06 04 2020-custodian of record ltr-Lionelle Trofort CNA LPN RN - Mark S Brennan Sr.pdf; Declaration of Primary State of Residence (no SSN and DOB) received on 03 21 2013 from Lionelle Trofort.pdf |

Ex. A to Salcido Decl.

**From:** Salcido, Robert
**Sent:** Monday, June 15, 2020 11:16 AM
**To:** Nathan Sanders <nsanders@nealharwell.com>
**Cc:** mgratz_mitchellmcnutt.com <mgratz@mitchellmcnutt.com>; Phil Elbert <pelbert@nealharwell.com>; Lisa Binder <lbinder@nealharwell.com>
**Subject:** RE: Activity in Case 3:19-cv-00091-MPM-JMV United States of America, ex rel. Cameron Jehl v. GGNSC Southaven LLC et al Memorandum in Support

Attached per request is the Affidavit we received from the Virginia Nursing Board. To set the context for the document, we provide the following summary for our call:

## I.    Relator's Amended Complaint

Relator's Amended Complaint asserts at length that Southaven's claims are false because Nurse Trofort allegedly lacked a multistate license during the course of her employment. *See* ECF 59, ¶ 60 ("Ms. Trofort did not possess a valid multistate license or other privilege during the Relevant Time Period that allowed her to practice nursing in Mississippi. Before Golden Living hired her, Ms. Trofort held a multistate license issued by the State of Virginia. However, on or around February 27, 2013, the State of Virginia revoked her multistate license and changed it to single-state status. **It was never reinstated to multistate status.** Thus, Ms. Trofort did not possess a valid multistate license during the Relevant Time Period"). *See also id.* ¶ 73 ("Defendants never disclosed to state or federal authorities that Ms. Trofort lacked a valid nursing license during her employment at Golden Living").

Relator contended that Defendants' claims were false because Nurse Trofort was not appropriately licensed. *Id.*, ¶ 35 ("the NHRA regulations mandate that '[p]rofessional staff must be licensed, certified, or registered in accordance with applicable State laws'"); *id.* ¶ 78 ("Under Mississippi law, an individual must hold a valid Mississippi nursing license or a valid multistate nursing license in order to practice as a registered nurse in Mississippi"); *id.* ¶ 46 ("by providing information about care received by patients that was required to be provided by licensed staff, GGNSC Administrative Services impliedly conveyed that all staff at Golden Living held appropriate licenses"); *id.* ¶ 50 ("by providing information about care received by patients at Golden Living that was required to be provided by licensed staff and describing expenses related to registered nurses and the Director of Nursing, GGNSC Administrative Services impliedly conveyed that all staff at Golden Living held appropriate licenses"); *id.* ¶ 80 ("Ms. Trofort's continuous practice as a registered nurse while serving as the Director of Nursing Services at Golden Living violated Mississippi law because Ms. Trofort did not have a Mississippi nursing license or a multistate license that allowed her to practice nursing in Mississippi"); *id.* ¶ 83 ("Ms. Trofort did not have a Mississippi nursing license or a multi-state license that allowed her to practice as a registered nurse in Mississippi during the Relevant Time Period. Therefore, Ms.

1

Trofort's employment violated a federal regulation requiring a nursing facility to 'designate a registered nurse to serve as the director of nursing on a full-time basis'"); *id.* ¶ 91 ("As noted, GGNSC Southaven did not collect patient data in accordance with applicable Medicare and Medicaid requirements because the patient assessments were conducted by an unlicensed nurse").

Further, Relator contends not only that Nurse Trofort failed to possess a multistate license but that Defendants **knew** that she **did not** possess a multistate license. *Id.*, ¶ 5 ("GGNSC Southaven, acting under the supervision of GGNSC Clinical Services, knowingly and/or recklessly employed an individual who was not licensed to practice nursing in Mississippi as Golden Living's Director of Nursing from April 23, 2013 to December 31, 2013").

Finally, Relator contends that, at a minimum, Defendants must have known that Nurse Trofort lacked a multistate license because they vicariously knew she lacked a license because Nurse Trofort knew she lacked a multistate license during her Southaven employment. *See id.*, ¶ 70 ("Ms. Trofort knew that she was not licensed to practice nursing in Mississippi during the Relevant Time Period. Ms. Trofort's knowledge may be imputed to Defendants because she served as a managerial employee at Golden Living").

## II. Virginia's Affidavit That Nurse Trofort Held A Multistate License During Her Southaven Employment

As the Affidavit from Jay P. Douglas, Executive Director of the Virginia Board of Nursing, demonstrates, during 2013, Nurse Trofort's license lapsed for only approximately 12 days. *See* Nursing Board Affidavit (attached). There was a lapse in Nurse Trofort's licensure status from February 28 to March 12, 2013 during which the license was not active. *See id.*, ¶ 2. Additionally, as Mr. Douglas depicts, Nurse Trofort's multistate privilege was reinstated on March 21, 2013. (This apparently occurred after Nurse Trofort sent her declaration to the state indicating Virginia as her primary state of residence, dated March 20, and received by the Board of Nursing on March 21). The multistate license was only inactive from February 28 to March 21:

2. Dates showing when Trofort's compact status changed at any time.

   February 28, 2013 → Expired-Compact
   March 12, 2013 → Current Active
   March 21, 2013 → Current Active (Multi-State Privilege)

On March 22, 2013, the day Nurse Trofort applied at Southaven, Nurse Torfort's multistate license was current/active. Further, as the Nursing Board's Affidavit sets forth, Southaven's records from Virginia, dated on April 23, 2013 and February 27, 2014, reflecting that Nurse Trofort possessed a valid multistate license, are accurate because she, in fact, did possess an active multistate license during the entire time period Southaven employed her. *See* Nursing Board Affidavit, ¶¶ 2, 10.

Thus, the statements in the Amended Complaint that Nurse Trofort did not have a multistate license are false. *Compare* ECF 59, ¶¶ 60, 73; *with* Nursing Board Affidavit, ¶¶ 2, 10. Moreover, the statement that her multistate license was never reinstated is demonstrably false. ECF 59, ¶ 60. Further, the statement that Defendants "knew" – or acted in reckless disregard or deliberate ignorance – of the fact that Nurse Trofort lacked a multistate license is false. *Id.*, ¶ 5. Defendants, by definition, could not have *known* she lacked a multistate license when she, if fact, *possessed* a multistate license during the entire time of her employment. Finally, the statement that Defendants are vicariously liable based upon Nurse Trofort's knowledge that she lacked a multistate license is false. *Id.*, ¶ 70. Again, by definition, Nurse Trofort could not

have *known* that she lacked a multistate license when, in fact she *possessed* a multistate license during her employment at Southaven.

### III.     The Public Evidence Upon Which Relator Relied Also Indicates That Nurse Trofort Possessed a Multistate License During Her Employment

Finally, even the public records upon which Relator relies (those attached as exhibits in Nurse Trofort's deposition) strongly indicate that Nurse Trofort was appropriately licensed during the relevant time period and not that she lacked a Virginia multistate license.  And none of the State Nursing Board records state what the Amended Complaint asserts – which is, that her multistate license was never reinstated or even that she lacked a multistate license during her Southaven employment.

Despite the fact that Nursing Boards have a duty to carefully investigate and catalogue all licensee infractions to ensure the safety of the public, Nursing Boards, although finding multiple violations, never cited Nurse Trofort for practicing at Southaven without a valid multistate license.  For example, Ex. 32 to Nurse Trofort's Deposition, which sets forth Virginia's May 29, 2015 suspension of Nurse Trofort's Virginia license, relies upon Arizona's Consent to Voluntary Surrender Multistate Licensure Privilege.  Arizona's Consent to Voluntary Surrender Multistate Licensure Privilege lists, in its Findings of Fact (¶ 5), that Nurse Trofort wrongfully practiced nursing from February 27, 2013 through March 19, 2013, because she was aware that on or around February 27, 2013, she no longer possessed a multistate Virginia license.  *Id.*  Arizona also directly references Nurse Trofort's Southaven employment, beginning with her March 22, 2013 employment application.  Yet, although in its Conclusions of Law, Arizona cites Nurse Trofort for practicing without a multistate license at Harris Hospital immediately before her Southaven employment, it never cites Nurse Trofort for practicing without a multistate license at Southaven, although it otherwise cites Nurse Trofort's conduct regarding Southaven.  Therefore, the most logical inference from these undisputed facts before the Nursing Board and its Findings and Conclusions, is that immediately before Nurse Trofort's employment at Southaven her multistate license was reinstated, which is what actually happened, and directly contrary to the false accusation in the Amended Complaint that Nurse Trofort's license "**was never reinstated to multistate status.**"  *See* ECF 59, ¶ 60.  Notwithstanding that, we understand that you never sought to ask Virginia before filing this FCA lawsuit whether her multistate license had been reinstated – a fact which our Affidavit from the Nursing Board demonstrates was readily available to you.

Similarly, in Trofort Dep. Ex. 33, Trofort's Virginia Reinstatement Application dated February 11, 2016, Virginia, itself, in cataloguing all of Nurse Trofort's violations, notes, from February 27, 2013 to March 19, 2013, she practiced professional nursing without a multistate privilege immediately before her Southaven employment (*id.* ¶ 6(b)) and notes Nurse Trofort's Southaven employment immediately thereafter starting with her employment application on March 22, 2013 (*id.* ¶ 11(b)), but never cites Nurse Trofort for practicing nursing at Southaven without a valid multistate license.  *See also* Trofort Dep. Ex. 34, Virginia Notice of Hearing (cataloguing Nurse Trofort's licensing infractions and exhibiting awareness of Southaven but never asserting that she practiced at Southaven without a valid multistate license).

Finally, none of the other infractions Relator points to create any regulatory violation (let alone an FCA violation) according to Virginia.  For example, Virginia notes in its February 11, 2016, Reinstatement Applicant Order (Trofort Dep. Ex. 33) that although Nurse Trofort alleges that "she resides in Tennessee, Ms. Trofort declared Virginia as her primary state of residence."  Yet, although its Conclusions of Law incorporates several findings of fact as violations, it does not identify Nurse Trofort listing Virginia as her primary residence as a violation.  Thus, Virginia did not view this as a violation of its own rules and if Virginia does not see it as a violation of its own rules, it is frivolous to contend that Southaven could have **known** that it is a violation of Virginia rules (it is not according to multiple Virginia rulings exhibiting knowledge of the same issue).  Similarly, although Virginia has documented at length Nurse Trofort's history of poor work

performance at multiple sites, far from disqualifying her from employment, Virginia continues to license Nurse Trofort.

In short, Virginia's evidence is consistent with a long parade of other evidence demonstrating that the Amended Complaint is meritless. I look forward to discussing this with you further. Today is no longer possible for me. Do you have time tomorrow afternoon? Thanks, R.S.

**Robert S. Salcido**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: <u>+1 202.887.4095</u> | Internal: <u>24095</u>



# *COMMONWEALTH of VIRGINIA*

David E. Brown, D.C.
Director

**Department of Health Professions**
Perimeter Center
9960 Mayland Drive, Suite 300
Henrico, Virginia 23233-1463

www.dhp.virginia.gov
TEL (804) 367-4400
FAX (804) 527-4475

Virginia Board of Nursing
Jay P. Douglas, MSM, RN, CSAC, FRE
Executive Director

Board of Nursing (804) 367-4515
www.dhp.virginia.gov/Boards/nursing

BEFORE THE BOARD OF NURSING

IN RE: **LIONELLE TROFORT, RN**

<u>AFFIDAVIT</u>

COMMONWEALTH OF VIRGINIA,

COUNTY OF HENRICO, to wit:

Jay P. Douglas, Executive Director, being duly sworn, states as follows:

1. I am Jay P. Douglas, Executive Director and Custodian of Records for the Virginia Board of Nursing.

2. A search of the records of the Board for a person using the identifier **LIONELLE TROFORT, R.N.**, revealed the following:

> **LIONELLE TROFORT** was issued a registered nurse license number **0001-196367** on June 27, 2005 by endorsement. The said license is current active, valid in Virginia only and the expiration date is December 31, 2020. The public information for this license are attached.

> The public address for **LIONELLE TROFORT** is 9301 N. Fairmont Circle, Collierville, TN 38017.

> You have requested the following information:
> 1. Trofort's compact license status in 2013 and 2014. Was Trofort's compact license active/current in 2013?

> *Trofort's license was current the year of 2014 with no lapse.*

> *In 2013, there was a lapse in licensure staus: February 28 – March 12, 2013, during that time the license was not active.*

Board of Audiology & Speech - Language Pathology – Board of Counseling – Board of Dentistry – Board of Funeral Directors & Embalmers
Board of Long-Term Care Administrators – Board of Medicine - Board of Nursing – Board of Optometry – Board of Pharmacy
Board of Physical Therapy – Board of Psychology – Board of Social Work – Board of Veterinary Medicine - Board of Health Professions

2. Dates showing when Trofort's compact status changed at any time.

   *February 28, 2013 → Expired-Compact*
   *March 12, 2013 → Current Active*
   *March 21, 2013 → Current Active (Multi-State Privilege)*

3. According to the records produced in the attachement titled "Public Addresses and Updates" it shows that Trofort's compact license was "expired" from 02/28/2013 effective date through 03/11/2013 – end date (see below). Please produce all documents showing and/or pertaining to an inactive status of Trofort's compact license for approximately 12 days in 2013.

   Status Change history since April 2013:

   | License Status History | | | | | |
   |---|---|---|---|---|---|
   | Superseded | 05/01/2015 | 05/12/2019 | Disciplinary Action | | |
   | Current Active | 03/12/2013 | 05/01/2015 | Nurse Licensure Compact | | Sylvia Tierney-Battle |
   | Expired-Compact | 02/28/2013 | 03/11/2013 | Nurse Licensure Compact | | Susan Bessester |

   *Documents not retained.*

4. Documents pertaining to the meaning and definition of the word "expired," as used in the third entry above. If no documents exist, please explain what the term "expired" means in the context of the third entry above

   *Regarding as to what "expired" means, that is not a record the Board maintains in normal course of business. Further "expired" is not defined in the Board of Nursing Laws and Regulations*

5. If Trofort's compact license status was "expired" for 12 days in 2013, produce all documents pertaining to and/or explaining <u>why</u> it was expired and/or if the status change was because Trofort indicated a non-Virginia home address.

   *Documents not retained.*

   *The status "Expired-Compact" indicates a residency in another compact state. There was an online address change December 20, 2012, completed during licensure renewal process.*

   *Address changed from → 20250 N. 67th Ave., Apt, 1112, Glendale, AZ 85308*
   *To → 9301 N. Fairmont Circle, Collierville, TN 38017*

   | Person Address History | | | |
   |---|---|---|---|
   | Previous Address | Address Type | Date Expired | Changed By |
   | 9301 N Fairmont Circle Collierville TN 38017 | Previous | 05/24/2018 | Melissa K Gregory |
   | 9301 N Fairmont Circle Collierville TN 38017 | Previous | 05/03/2016 | Sharon Wilkerson |
   | 9301 N Fairmont Circle Collierville TN 38017 | Previous | 11/13/2014 | MyLicense |
   | 20250 N. 67th Ave Apt. 1112 Glendale AZ 85308 | Previous | 12/20/2012 | MyLicense |

*A Declaration of Primary State of Residence Form and proof of Virginia residency document was received March 21, 2013, from Trofort (attached).*

6. All documents (a) showing Trofort knew/should have known her compact license status changed in 2013 and (b) how the status change was communicated to her.

   *Standard procedure at the time would have been sent to all communications by standard mail to the licensee's address of record. Copies of documents not retained.*

7. All mail receipts of the Virginia Board of Nursing ("Board") evidencing communications with Trofort in 2013 and/or 2014.

   *There was no record of mail receipt of the Board evidencing communications with Trofort in 2013 and/or 2014.*

8. All documents/notice/records provided by the Board to (a) governmental professional licensing and disciplinary boards, committees, and (b) individuals, and entities and/or prospective employers of Trofort in jurisdictions other than Virginia pertaining to the status of Trofort's licensure and/or disciplinary status.

   *(a) Pursuant to §54.1-2400.2 (A) of the Code of Virginia, any reports, information or records maintained by any health regulatory, in connection with disciplinary proceedings are strictly confidential.*

   *Pursuant to §54.1-108(2) of the Code of Virginia, applications for licensure maintained by the Board of Nursing are not subject to disclosure*

   *(b) Licensing and discipline information are provided at the Board website and there is no way for the Board to determine who may access the information.*

9. All Orders, Notices or other documentation showing that Trofort no longer had multistate privileges.

   *The attached documents constitute the public record maintained by the Board of Nursing on LIONELLE TROFORT, R.N. The document attached is order related to disciplinary proceedings as follow:*

   *Order entered May 29, 2015*
   *Order entered February 11, 2016*

10. According to public lookups in <u>April of 2013,</u> and <u>February of 2014</u>, Trofort was shown
as "current active" with "multi-state privilege (compact designation)".  Please produce all
documents that explain, support or are otherwise related to the statuses that were discplayed
to public viewers at those times.

<u>April 23, 2013</u>:



**VIRGINIA Department of Health Professions**

**Public Information System**
(Download licensee information | DHP Home Page)
Last updated on 04/23/2013

License Information

| | |
|---|---|
| License Number | 0001196367 |
| Occupation | Registered Nurse |
| Specialization | Multi-State Privilege (Compact Designation) |
| Name | LIONELLE TROFORT |
| Address of Record | Collierville, TN 38017 |
| Initial License | 08/27/2008 |
| Expire Date | 12/31/2014 |
| License Status | Current Active |
| Additional Public Information* No | |

This serves as primary source verification of the credential issued by the Commonwealth of Virginia.

<u>February 27 2014</u>:



**VIRGINIA Department of Health Professions**

Public Information System
(Download licensee information | DHP Home Page)
Last updated on 02/27/2014

License Information

| | |
|---|---|
| License Number | 0001196367 |
| Occupation | Registered Nurse |
| Specialization | Multi-State Privilege (Compact Designation) |
| Name | LIONELLE TROFORT |
| Address of Record | Collierville, TN 38017 |
| Initial License | 08/27/2008 |
| Expire Date | 12/31/2014 |
| License Status | Current Active |
| Additional Public Information* No | |

This serves as primary source verification of the credential issued by the Commonwealth of Virginia.

*Information provided in the response in # 2.*

Declared this 4th day of June 2020, in Henrico County, Virginia.

Jay P. Douglas, MSM, RN, CSAC, FRE

Executive Director


COMMONWEALTH OF VIRGINIA

COUNTY OF HENRICO, to wit:

Subscribed and sworn before me, the undersigned Notary Public, in and for the Commonwealth of Virginia at large, this 4th day of June 2020, by Jay P. Douglas, Executive Director.

Cathy Hanchey, Notary Public

Registration # 242210

My Commission Expires June 30, 2020

# VIRGINIA BOARD OF NURSING
9960 Mayland Drive, Ste. 300
Henrico, VA 23233
(804) 367-4515 – (804) 527-4455 (Fax)

## DECLARATION OF PRIMARY STATE OF RESIDENCE
## FOR PURPOSES OF THE NURSE LICENSURE COMPACT

RECEIVED
MAR 2 1 2013
VA BD OF NURSING

Name: ___Lionelle_Trofort _Telephone Number __480-309-8749

Address: _9301 N Fairmont Circle_____

City: Collierville___   State: _TN____   Zip: _38017_____
(Is This A Change Of Address, Please Check: _____ Yes   _X_ No)

License #: 0001196367___   SSN: ████████   Date of Birth: ████████

**If your Virginia license has been expired because you reside in a compact state other than Virginia or if you are moving into Virginia from another compact state, please provide proof of residency (i.e., copy of Virginia driver's license, copy of Virginia voter registration card, or copy of federal income tax return indicating Virginia as primary state of residence.) We will not be able to activate your Virginia license until this information is received.**

In accordance with §54.1-3030, I hereby declare the following as my primary state of residence and that such constitutes my permanent and principal home for legal purposes. ("Primary state of residence" is defined as the state of a person's declared fixed permanent and principal home or domicile for legal purposes.)

*I declare my primary state of residence is: _Virginia_____
I intend to primarily practice in the state of: _Arkansas_____
I currently practice in the following states:
__Arkansas _____    _____    _____    _____

**\*NOTE:  If you changed your primary state of residence to a compact state other than Virginia, you will need to contact that state and obtain licensure there within 30 days. Virginia will expire-compact your Virginia license since you declared another compact state.**

By the signature below, I attest to the accuracy of the information provided.

Signature: _____    Date: 3/20/13

**PLEASE RETURN THE COMPLETED DECLARATION FORM TO THE BOARD OF NURSING, 9960 MAYLAND DRIVE, STE. 300, HENRICO, VA 23233. If you have any additional questions, please contact the Board of Nursing at (804) 367-4515 or you can go to our website for a complete listing of staff and telephone numbers at www.dhp.virginia.gov/nursing/default.htm. This Declaration Form is also on our website if you would like to print it out and mail it to the Board of Nursing.**

