# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA ex rel.
CAMERON JEHL,

Plaintiffs,

v.                                                                                  Case No. 3:19cv091-NBB-JMV

GGNSC SOUTHAVEN LLC D/B/A
GOLDEN LIVING CENTER-
SOUTHAVEN et al.

Defendants.

**REPLY DECLARATION OF MARGARET SAMS GRATZ
IN SUPPORT OF DEFENDANTS' SUBMISSIONS AND BRIEFINGS
IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES**

Margaret Sams Gratz of Mitchell, McNutt & Sams, P.A., which is counsel for GGNSC Southaven LLC; GGNSC Administrative Services LLC; and GGNSC Clinical Services LLC in this action, respectfully declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statement is true and correct:

**A.      Legal Market in the Northern District of Mississippi**

1. I have been practicing law in the Tupelo, Mississippi office of Mitchell, McNutt & Sams, P.A. for approximately 18 years, from 2005 to present. As reflected in my WestLaw Docket Analytics Report from this period (attached as Exhibit A), nearly 80% of the cases filed between January 1, 2005 and present that I have litigated in federal district court have been litigated in the Northern District of Mississippi.

2. As I noted in my initial Declaration, I am "familiar with the local legal market" and "am aware of no other firms with similar specialized [False Claims Act ('FCA')] expertise" to that possessed by Robert Salcido and Akin Gump Strauss Hauer & Feld ("Akin"). ECF 356-5 at ¶ 13.

By "local legal market," I refer to the legal market in the Northern District of Mississippi, where my office is located and where this case is being litigated.

3. I have also litigated cases in the Southern District of Mississippi. The majority of the cases that I litigated in the Southern District of Mississippi were filed between 2000 and 2003, when I was an associate in the Jackson, Mississippi office of Butler Snow LLP. From June 2000 to May 2003, approximately 80% of my cases were litigated in the Southern District of Mississippi. My WestLaw Docket Analytics Report from this period is attached as Exhibit B.

4. The Northern District of Mississippi legal market and Southern District of Mississippi legal market are fundamentally distinct. Jackson and Oxford are more than 160 miles away by road. While attorneys barred in Mississippi can seek admission to the bars of and practice in both Districts, based on my experience, and consistent with my observations of other litigators located in Mississippi, this is not always the case.

5. Attorneys identified by Relator as practicing in Mississippi-based offices of Bradley Arant Boult Cummings LLP, Musgrove Smith Law, Carr Allison, Butler Snow LLP, Mockbee Hall & Drake, P.A., Watkins & Eager, Baker Donelson, and Wise Carter, *see* ECF 363 at 7-10, practice out of offices located in the Southern District of Mississippi.

6. As noted in my initial Declaration, Mitchell, McNutt & Sams, P.A. does not have a practice focused on FCA litigation. ECF 356-5 at ¶ 13. My colleagues Michael Chase and John Wheeler, who also practice out of our Tupelo, Mississippi office, are both accomplished general litigators. John Wheeler is the litigation chair for the firm. They represented one of ten defendants in the FCA action *United States ex rel. Monsour v. Performance Accts. Receivable, LLC*, No. 116CV00038HSOBWR. Their client, an accounting firm, was dismissed from the case. *See* 2022 WL 16840338 (S.D. Miss. Nov. 9, 2022). They do not hold themselves out as FCA specialists.

2

### B. Redactions of Invoices for Privilege

7. As Exhibit A to my initial Declaration, I provided redacted invoices reflecting attorneys' fees and expenses billed to Defendants for legal services performed by Mitchell, McNutt & Sams, P.A. attorneys.

8. These invoices reflect only legal services performed or expenses incurred in defense of this litigation.

9. Redactions to invoices were made solely for the purpose of preserving attorney-client privilege and in light of the work product doctrine. As such, redactions were made where time entries reflected legal advice given to the client, the client's motive for seeking counsel, strategies, mental impressions, theories, notes, and specific areas of research.

10. As noted in my initial Declaration, the number of hours expended to perform these services was reasonable. ECF 356-5 at ¶ 19.

### C. Attendance at Depositions

11. I attended all depositions taken in this case. As local counsel, I was required to be present at every deposition. *See* ECF 363 at 22. Mr. Salcido did not attend every deposition.

12. My role at depositions was consistent with my role as a general litigator throughout this case, as described in my initial Declaration. *See* 356-5 at ¶ 10,

13. In an effort to ensure that the costs of defense were reasonable, Mr. Salcido did not attend depositions unless there was a need for specialized FCA expertise. In these instances, it was important for purposes of effectively defending this litigation for me to collaborate with him and to discuss the deposition during breaks.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 25, 2023
Tupelo, Mississippi

Margaret Sams Gratz, MBA #99231

4