IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CAMERON JEHL,<br><br>Plaintiffs,<br><br>v.<br><br>GGNSC SOUTHAVEN LLC D/B/A GOLDEN LIVING CENTER-SOUTHAVEN et al.<br><br>Defendants. | Case No. 3:19cv091-MPM-JMV |

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND OTHER EXPENSES**

Defendants have moved the Court to file this supplement to their motion for award of attorneys' fees and other expenses. The grounds for the motion are set forth below.

**I. COURT SHOULD GRANT DEFENDANTS' MOTION TO SUPPLEMENT AWARD OF ATTORNEYS' FEES AND OTHER EXPENSES**

By motion dated April 27, 2023, Defendants moved the Court for an award of attorneys' fees and other expenses. *See* ECF 356. The time period covered included all fees and expenses incurred in this matter to March 31, 2023. *Id.* Since that time, Defendants have incurred additional fees and expenses in responding to Relator's Motion for Reconsideration and Relator's Opposition to Defendants' Motion for Award of Attorneys' Fees and Other Expenses. *See* ECF 354, 356-57,

364-65.[1] An updated summary of the fees requested is provided at Ex. 1.[2]

As previously noted, Defendants are entitled to obtain their reasonable fees and expenses. *See United States v. Cmty. Health Sys. Inc.,* 2015 WL 3386153, at *16 (S.D. Tex. May 4, 2016), *aff'd sub nom. U.S. ex rel. Cook-Reska v. Cmty. Health Sys., Inc.*, 641 F. App'x 396 (5th Cir. 2016) (holding prevailing party in FCA case could recover reasonable fees for time spent litigating a fee request).[3] For the reasons stated in the Supplemental Declaration of Robert Salcido (attached as Ex. 2 to Defs.' Mot. to Supplement Defs.' Mot. for Award of Atty's' Fees and Other Expenses), the fees and expenses incurred in preparing Defendants' Motion for Fees and Expenses, responding to Relator's Motion for Reconsideration, and Replying to Relator's Opposition to Defendants' Motion for Fees and Expenses were reasonably incurred. *See* Ex. 2 at ¶¶ 10-12.[4]

---

[1] For the sake of efficiency, Defendants initially sought to introduce its April 2023 fees and expenses as part of its Reply to Relator's Opposition to Defendants' Motion for Award of Attorneys' Fees and Other Expenses. *See* ECF 364. As explained previously, the April 2023 invoice was not submitted as part of Defendants' April 27 Motion for Attorneys' Fees and Other Expenses because that invoice had not yet been submitted to Defendants. *See* ECF 364-2 at ¶ 17. Relator, without contacting Defendants to learn whether Defendants would oppose his Motion, contrary to the Local Rules, filed a motion to strike Defendants' submission of a supplemental invoice as improper to raise as part of a Reply brief. *See* ECF 367. Defendants, accordingly, withdraw their insertion of their April 2023 fees and expenses as referred in the Reply (*see* ECF 364-6) and hereby reasserts the April 2023 and May 2023 fees and expenses in their supporting Motion to Supplement Defendants' Motion for Award of Attorneys' Fees and Other Expenses filed today.

[2] While Mr. Salcido's 2023 average billed rate has increased, *see* Ex. 2 at ¶ 13, Defendants continue to request a lodestar adjustment of 38.9%, consistent with his lower average billed rate, for consistency. ECF 365 at 9.

[3] Courts routinely allow parties to supplement fee petitions as additional fees are incurred by parties throughout the course of litigation, including in litigating fee requests. *See Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (finding denial of a supplemental motion for fees-on-fees was abuse of discretion). Relator cites to no support for his assertion that Defendants were required to have submitted time entries for work performed in April 2023 in their April 2023 submission, prior to an invoice having been generated and transmitted to Defendants. As such, the Court should award Defendants the fees they incurred in April and May 2023.

[4] Courts have evaluated the reasonableness of hours spent in light of the need to "review many cases" and address complex issues. *Sierra Club v. Energy Future Holdings Corp.*, 2014 WL 12690022, at *5 (W.D. Tex. Aug. 29, 2014) (finding hours expended by counsel reasonable, noting that "[s]ome frivolous cases impose large costs on defendants when they require counsel to . . . review many cases"); *see also, e.g., Louisiana Generating LLC v. Illinois Union Ins. Co.*, 2014 WL 1270049, at *8 (M.D. La. Mar. 27, 2014) (finding hours reasonable in light of "the complexity of the issues . . . presented"). Courts also look to the

Furthermore, for the reasons stated in Mr. Salcido's initial Declaration, ECF 356-1 at ¶¶ 15-26, and Supplemental Declaration, Ex. 2 at ¶¶ 7-9, as well as in prior briefing, ECF 357 at 7-10, 12-16; ECF 365 at 6-8, the requested rates for the attorneys performing this work are reasonable.

Accordingly, Defendants' Supplemental Motion should be granted.

## II.  CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' Motion.

Date:  June 13, 2023                                           Respectfully submitted,


*/s/ Margaret Sams Gratz*
Margaret Sams Gratz, Esq. (MSB # 99231)
William Grant Armistead (MSB # 9786)
Mitchell, McNutt & Sams, P.A.
P. O. Box 7120
Tupelo, MS  38802-7120
Telephone:  (662) 842-3871
Facsimile:  (662) 842-8450
mgratz@mitchellmcnutt.com

Robert Salcido (*pro hac vice*)
D.C. Bar No. 447951
Akin Gump Strauss Hauer & Feld LLP
2001 K. Street, N.W.

---

overall degree of success obtained over the course of litigation. *Bollinger*, 2015 WL 5306233, at *7-8 (noting that as "to the reasonableness of the hours claimed, the Court is guided initially by the notion that the result is what matters" and holding that because it "cannot be seriously argued that [the plaintiff] achieved anything other than an excellent result here[,] it follows that they are entitled to a fully compensatory fee under the law").  The hours expended in preparing a fee petition, responding to a motion for reconsideration and reply to Relator's response to the fee petition were reasonable in light of the complexity of Relator's legal arguments and the plethora of cases cited by Relator in briefing, as well as Defendants' overall degree of success in definitively rebutting Relator's claims.  *See* Ex. 2 at ¶¶ 10-12; *see also Disabled in Action v. Mayor & City Council of Baltimore*, 685 F.2d 881, 886 (4th Cir. 1982), *abrogated on other grounds by Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 277 (4th Cir. 2002) (reversing and remanding decision by district court that expending over 100 hours in briefing attorneys' fees was unreasonable, noting that "the law of fee awards under various statutes is evolving, and the outcome of a claim cannot always be predicted with complete accuracy").

3

Washington, D.C. 20006
Telephone: 202-887-4000
Facsimile: 202-887-4288
rsalcido@akingump.com

***Attorneys for Defendants***
**GGNSC Southaven LLC; GGNSC Administrative Services LLC; GGNSC Clinical Services**

## CERTIFICATE OF SERVICE

This is to certify that I, Robert Salcido, one of the attorneys for GGNSC Southaven, LLC individually and on behalf of all Defendants have this day furnished a true and correct copy of the above and foregoing **MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT MOTION FOR AWARD OF ATTORNEYS' FEES AND OTHER EXPENSES** to the following via ECF filing:

    Robert B. McDuff (MSB # 2532)
    Law Office of Robert B. McDuff
    767 North Congress St.
    Jackson, MS 39202
    Telephone: 601.259.8484
    rbm@mcdufflaw.com

    Richard R. Barrett (MSB #99108)
    Law Office of Richard R. Barrett, PLLC
    2086 Old Taylor Road
    Suite 1011 Oxford, MS 38655
    Telephone: 662.380.5018le
    rrb@rrblawfirm.net

    Philip N. Elbert, Esq.
    Lisa P. Binder, Esq.
    Nathan C. Sanders, Esq.
    Neal & Harwell, PLC
    1201 Demonbreun St., Suite 1000
    Nashville, TN 37203
    pelbert@nealharwell.com
    lbinder@nealharwell.com
    nsanders@nealharwell.com

This 13th day of June, 2023.

                                          */s/ Robert Salcido*
                                          ROBERT SALCIDO