IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> CAMERON JEHL, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GGNSC SOUTHAVEN LLC D/B/A GOLDEN ) <br> LIVING CENTER-SOUTHAVEN; GGNSC ) <br> ADMINISTRATIVE SERVICES LLC D/B/A ) <br> GOLDEN VENTURES; AND GGNSC ) <br> CLINICAL SERVICES LLC D/B/A GOLDEN ) <br> CLINICAL SERVICES, ) <br> ) <br>     Defendants. ) | No. 3:19-cv-091-NBB-JMV <br><br> Oral Argument Requested |

**RELATOR'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO SUPPLEMENT THEIR MOTION FOR ATTORNEYS' FEES**

On top of their two-million-dollar fee request, the Defendants now seek additional fees of over $90,000.00 per month for April and May of 2023 by way of a motion to supplement their motion for attorneys' fees and other expenses. Docket 368-369. For the reasons set forth in Docket 353, we continue to request the Court's reconsideration of the order granting attorneys' fees. But in the event the Court denies that request and continues to hold that fees are warranted, we oppose in significant part this latest motion by the Defendants. The supplement includes (1) fees incurred in April 2023 in opposing the Relator's motion for reconsideration and in filing the Defendants' own fee motion and (2) fees incurred in May 2023 for replying to the Relator's opposition to the fee motion. It is excessive in multiple respects.

1

**Delay in Submitting Fees for April 2023**

This Court set a deadline requiring that the Defendants file their fee motion by April 27, 2023. Docket 349. That motion could and should have included fees for work up to and including April 27, 2023. Instead, the Defendants waited and submitted fees for April only with their fee reply on May 26. Docket 364. After the Relator objected and moved to strike that April submission, docket 367, the Defendants resubmitted the April 2023 fees along with the May 2023 fees in their motion for leave to file a supplement to the fee petition.[1]

Of course, the May fees --- which were incurred when the Defendants replied to the Relator's fee response --- could not have been submitted by the April 27 deadline. A Fifth Circuit case cited by the Defendants in their recent memo, *Cruz v. Hauck*, 762 F.2d 1230 (5th Cir. 1985), confirms that parties can file supplemental fee motions for time spent responding to their adversary's objections to their fee motions. *Id.* at 1233-1234. But the fees up to and including April 27 could easily have been filed by the April 27 deadline and weren't. While the Defendants claim they had yet to send the April invoice to their clients, docket 369 at 2 n.3, they knew what hours they would bill and they knew they would ask the Court to award fees for those hours. Accordingly, the Court should deny Defendants' request to award fees from April 1 through April 27.

**Hourly Rates**

For the reasons set forth in the Relator's memorandum in response to the original fee motion, any compensable time for Mr. Salcido should be assessed not at the Washington, D.C. rates he seeks, but at the premium Mississippi rate of $450 per hour without any upward

---

[1] The Defendants have not opposed that motion to strike, which sought removal of the request for April 2023 fees and also certain paragraphs of Robert Salcido's reply declaration which sought to provide information about the experience of lawyers in his firm that should have been provided with the initial motion.

2

adjustment. Docket 363 at 6-15. As explained in that memorandum, Mississippi has many experienced False Claims Act attorneys who could have handled this case and therefore D.C. rates are not appropriate. While most of them have offices in the Jackson area, many are members of the bar in both the Southern and Northern Districts of Mississippi. Those who are members of only one can easily join the other. The two districts have a common set of local rules. Those rules provide that any member of the Mississippi Bar (no matter where they live) may become a member of the bar of either district if they apply, are sponsored by a member of the bar of the Court, are familiar with the common set of local rules for the districts, are familiar with the Mississippi Rules of Professional Conduct, sign the oath, pay the fee, and are sworn in by a Magistrate or Judge of either District. Local Rule 83.1(A). These Mississippi lawyers with False Claims Act experience should be considered as lawyers in both districts for purposes of determining whether "in-district" lawyers are available to handle a Northern District case like this one.[2]

Moreover, even if these Jackson-area lawyers are considered "out-of-district," and even if the Defendants are therefore considered to have proved by "abundant and uncontradicted evidence . . . the necessity of . . . turning to out-of-district counsel," *McClain v. Lufkin Indus.*, 649 F.3d 374, 382 (5th Cir. 2011), the evidence demonstrates only that it was necessary to hire out-of-district counsel from the Jackson area to drive up the road for any hearings. It was not

---

[2] There seems to be no publicly accessible list of members of the Northern District bar, but it is clear that several of the Mississippi FCA lawyers listed in Relator's earlier memorandum, docket 363 at 7-11, are members. As stated in that memorandum, Scott Gilbert and Rusty Comley represented a defendant in another FCA case in the Northern District. *Id.* at 9. The law firm website biographies for Amanda Barbour and J. Lott Warren specifically state that they are admitted to the bars of both the Northern and Southern Districts. https://www.butlersnow.com/professionals/amanda-barbour#Bar%20Admissions; https://www.butlersnow.com/professionals/lott-warren#Bar%20Admissions. The law firm biographies of the others do not specify which federal district bars they are members of, but it is likely that some or all of them are members of both districts.

necessary to hire more expensive counsel from Washington D.C. Accordingly, the evidence dictates only that Mr. Salcido receive the Mississippi rate of $450 per hour recently awarded to an experienced False Claims Act attorney who happens to practice in Jackson. Docket 363 at 12. In other words, whether these Mississippi FCA attorneys from the Jackson area are considered "in-district" or "out-of-district" with respect to the Northern District, the fact remains they are easily available for this Northern District case and under the circumstances, it was not necessary to pay the elevated Washington D.C. rates to secure effective counsel.

In *McClain*, the Court spoke of "out-of-district" counsel, 649 F.3d at 382, but also stressed that the local plaintiffs' attorney in that case "diligently searched for, but could not find, any lawyers *in Texas* who were willing and able to join him in litigating this class action." *Id.* at 378 (emphasis added). Just as the fact that no lawyers were available in the entire state was relevant there, the fact that lawyers in Mississippi are available is relevant here. As explained by one of Mississippi's long-time federal judges:

> Defendant contends that the Court should only consider evidence of rates in Hattiesburg, Mississippi. The Court disagrees. Mississippi does not enjoy a large market for legal services, by national or regional standards. Attorneys from across Mississippi frequently represent clients in the Eastern Division of the Southern District of Mississippi. There is no reason to be hyper-local in the Court's lodestar analysis. It is appropriate to determine the prevailing community standard for hourly rates by reference to the entire state of Mississippi.

*Pickett v. Miss. Bd. of Animal Health*, 2021 WL 4979009, at *4 (S.D. Miss. 2021) (Starrett, J.); *see also Sturkin v. Patrick*, 2019 WL 2078790, at *2 (S.D. Miss. May 10, 2019) (referring to a Northern District award as support for identical hourly rates in the Southern District for the same lawyers); *Joiner v. City of Columbus*, 2016 WL 55336, at *6 (N.D. Miss. Jan. 4, 2016) (citing both Northern and Southern District cases in discussing "the prevailing market rates in this

4

locality"); *Berkeley v. Lafayette Cty., Miss.*, 2022 WL 533051, at * 5 (N.D. Miss. Feb. 22, 2022) (citing Southern District cases in evaluating appropriate hourly rate in a Northern District case).

For all of these reasons, the hourly rate for Mr. Salcido should be $450.

Regarding his colleagues, Mr. Salcido seeks D.C. rates of $500 per hour for Emily Gerry's time and $660 for Jenna Becker's time in April. For May, he seeks the same rate for each of those two lawyers plus $740 for Alexa Rummel and $770 each for Caroline Kessler and Oluwaremilekun Mehner. Docket 368-2 at 2-3; 368-3 at 4; 368-4 at 4.[3] Ms. Becker started practicing law last year. Ms. Rummell started practicing law in 2021. Ms. Kessler and Ms. Mehner started practicing law in 2019. Docket 368-2 at 2-3. In the Relator's response to the original fee motion, we objected to Ms. Gerry's rate because Mr. Salcido failed to provide essential information such as how long she had been practicing law. Docket 363 at 12-13. His more recent declaration in support of this supplement also fails to provide that information. Docket 368-2. However, a search of Mr. Salcido's earlier reply declaration (filed after Relator's response highlighted the failure to mention her level of experience in the original application) states that Ms. Gerry started practicing in 2020. Docket 364-2 at 7.[4]

With respect to each of these lawyers, there is nothing to show that they have any particular expertise that justifies paying Washington, D.C., rates for their work on the fee issues in this case, and they too should be paid Mississippi rates. Defendants provide no proof of the prevailing rate in Mississippi for lawyers who respectively have one, two, four, and three years

---

[3] As noted in our original opposition, Defense counsel exercised no billing judgment in their two million dollar fee request. The Defense apparently noticed the point and in this supplement, Mr. Salcido stated that they are writing off fees during the two months for any timekeepers who billed less than $5,000 on the matter. Docket 368-2 at 2-3. However, they still sought fees in May for Alexa Rummell, *id.* at 3, even though she apparently billed less than $5,000. Docket 368-4 at 4.

[4] That portion of Mr. Salcido's declaration was the subject of the Relator's motion to strike, docket 367. The Defendants did not oppose that motion.

of experience. However, the original declaration of Ms. Gratz suggests that it would be in the range of $140-$160 per hour. Docket 365-5 at 4. Absent any other proof, they should be awarded no more than $140 per hour.

## Number of Hours Claimed --- April 2023

The initial section of this memorandum asserted that most of the fees from April 2023 should be disallowed because the request was not timely filed. However, if the Court nevertheless considers it, the April hours spent on assembling exhibits for the original fee motion (including invoices) should be reduced because they are excessive. Attached to the Relator's response to this supplemental fee motion is a color-coded copy of Akin's April invoice. It highlights in blue the time spent on Salcido's declaration and in a peach color the time spent on other exhibits. These hours are set out in the table below which lists the dates and attorneys who billed the time. (This does not include the timekeepers who billed less than $5,000 and were written off).

| Date in April | Salcido Declaration | Other Exhibits |
|---|---|---|
| 9 | 0.8 Salcido | |
| 10 | 2.0 Salcido | |
| 12 | | 0.5 Salcido |
| 18 | 1.7 Salcido | 0.7 Gerry |
| 19 | 2.9 Salcido | 1.1 Gerry |
| 20 | 2.9 Salcido | |
| 21 | | 0.2 Gerry |
| 24 | 2.8 Gerry | 2.6 Becker |

| 25 | 4.6 Salcido | 3.4 Becker |
| --- | --- | --- |
| | | 11.2 Gerry |
| 26 | 3.5 Salcido | 3.7 Becker |
| | | 3.2 Gerry |
| 27 | 1.4 Salcido | 4.8 Becker |
| | | 4.5 Gerry |
| TOTAL | 22.6 | 14.5 Becker |
| | | 20.9 Gerry |
| | | 0.5 Salcido |
| | | 35.9 Total |

The 22.6 hours spent on Salcido's ten-and-a-half page declaration seems like a lot but perhaps are not excessive given the multitude of subjects that are covered relating to the fee application. But the 35.4 hours spent by Becker and Gerry on exhibits are excessive. The only exhibits besides the Salcido declaration are Salcido's biography, Akin's invoices in the case, a computer-generated chart of the fees billed by Akin for each lawyer during each month in the case, and the declarations and invoices of the other attorneys for whom fees were sought by the Defendants. Most of those documents were easily generated by administrative staff and the declarations presumably were prepared by the attorneys themselves. Thus, the Becker and Gerry hours on exhibits should be reduced by approximately two thirds so that 10 hours are reduced from Becker's overall total for April and 14 are reduced from Gerry's overall total.

Further, the redacted Becker entry for April 23 should be excluded as vague and unwarranted. It seeks 2.7 hours for "Research [redacted] and case law re attorneys' fee motion

7

exhibits." Docket 368-3. If the research is related to an issue in the fee motion, nothing confidential is revealed because the fee motion itself is a public document. And it is unclear why case law would need to be consulted regarding the standard exhibits that were submitted by the Defendants --- attorney declarations, invoices, a summary of invoice amounts, and a biographical statement.

To reiterate, the Defendants should not be awarded any hours from April 1-27, which would leave only the Gerry entry of April 28 of 1.5 hours. (This apparently was billed on East Coast time as the Defendants' fee motion was being filed just before midnight on the due date of April 27 Central Time and continuing just after). However, if the Court disagrees, the April invoice should be compensated at no more than 58 hours for Salcido at Mississippi rates of $450 per hour, 44.6 hours for Gerry (58.6 – 14.0) at $140 per hour, and 15.4 hours for Becker (28.1 – 10.0 – 2.7) at $140 per hour. (The other timekeepers are not included because they each billed less than $5,000 and were written off).

**Number of Hours Claimed – May 2023**

The supplement requests $91,795.00 for the work of six lawyers in May of 2023 devoted exclusively to the Defendants' reply in support of their motion for fees. Docket 368-1 at 4; 368-2 at 2-3; 368-4. The work of those six lawyers --- Salcido, Gerry, Kessler, Mehner, Rummel, and Becker --- totals 144.7 hours. Docket 368-4 at 4. (Another 7.3 hours were spent by three other lawyers but those hours were written off. *Id.*) They submitted a thirteen-page reply memorandum with (1) an introduction (two pages) and then individual sections regarding (2) whether Defendants' failure to raise the CMS guidance in their motion to dismiss indicated that the guidance was not so obviously dispositive as to render the second amended complaint frivolous (two pages), (3) whether D.C. rates should be awarded (three pages) (4) whether this is

8

the rare case where an upward adjustment is warranted (one page), (5) whether fees should be awarded to various other lawyers and experts (two pages), and (6) whether reductions in the lodestar should be made for vagueness, duplicative deposition coverage, overstaffing, inefficiency, and the absence of billing judgment (three pages). Docket 365. They also submitted a response that listed nine exhibits --- two declarations, a computer-generated summary of billings, four Litigation Analytics Docket Reports, one email, and one invoice. Docket 364.

The reply addressed a number of issues but it did not require 144.7 hours of work by six lawyers for a total price tag of over ninety thousand dollars (using D.C. rates). That was over 10 hours for each page of the reply brief. This was excessive and the request for fees during May of 2023 should be reduced by 50%.

Before any reduction is made, the following redacted entries for Caroline Kessler should be excluded as vague and unwarranted:

    May 23 --- "Review cases [redacted] for reply." 1.4 hours.

    May 25 --- "Review cases [redacted] (3.0). Discuss with E. Gerry (0.4)." 3.4 hours.

    May 26 --- "Confer with E. Gerry regarding invoice redaction processes (0.8). Review and redact invoices for submission with motion for attorneys' fees (2.1). Review [redacted]." 5.1 hours.

Given that the case law and the issues surrounding the fee petition are actually discussed in the fee petition and the reply, there is nothing privileged or confidential about the subjects of the research. Thus, it was not necessary to redact those invoices, which are overly vague because of the redactions, or to spend another 2.9 hours conferring about invoice redaction processes and reviewing the invoices for redaction. Accordingly, the total of 9.9 hours should be excluded from Kessler's totals.

In summary, the May totals should be reduced to the following (excluding all whose original billings were less than $5,000 and were to be written off) based on Mississippi rates so that no more than **$14,198.50** is awarded for May:

| | |
|---|---:|
| Salcido --- 33.3 hours at $450 per hour. | $14,985.00 |
| Kessler --- 15.9 hours – 9.9 = 6.0 hours at $140 per hour. | $ 840.00 |
| Mehner --- 9.1 hours at $140 per hour. | $ 1,274.00 |
| Gerry --- 66.1 hours at $140 per hour. | $ 9,254.00 |
| Becker --- 14.6 hours at $140 per hour. | $ 2,044.00 |
| Total | $28,297.00 |
| Total reduced by 50% for excessive billing ($28,297.00 x 0.5) | **$14,198.50** |

## Conclusion

For the foregoing reasons, no fees should be awarded from April 1 through April 27, 2023. Any compensable hours should be calculated at an hourly rate of $450 for Mr. Salcido and $140 hours for the others. The lodestar for May of 2023 should be reduced as set forth above.

    Respectfully Submitted,

    */s/ Robert B. McDuff*
    Robert B. McDuff (MSB # 2532)
    Law Office of Robert B. McDuff
    767 North Congress St.
    Jackson, MS 39202
    601.259.8484 (Telephone)
    rbm@mcdufflaw.com

    Richard R. Barrett (MSB #99108)
    Law Office of Richard R. Barrett, PLLC
    2086 Old Taylor Road
    Suite 1011
    Oxford, MS 38655
    662.380.5018 (Telephone)
    rrb@rrblawfirm.net

Philip N. Elbert (admitted pro hac vice)
Kendra E. Samson (admitted pro hac vice)
Nathan C. Sanders (admitted pro hac vice)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
pelbert@nealharwell.com
ksamson@nealharwell.com
nsanders@nealharwell.com

*Counsel for Relator*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June, 2023, the following counsel were served by operation of the Court's electronic filing system:

Margaret Sams Gratz, Esq.
Mitchell, McNutt & Sams, P.A.
P. O. Box 7120
Tupelo, MS 38802-7120
mgratz@mitchellmcnutt.com

Robert Salcido, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street NW
Washington, DC 20006-1037
rsalcido@akingump.com

Counsel for Defendants

J. Harland Webster, Assistant U.S. Attorney
Office of the United States Attorney
Northern District of Mississippi
900 Jefferson Avenue
Oxford, MS 38655-3608
joseph.webster@usdoj.gov

Counsel for the United States of America

                                                                         */s/ Robert B. McDuff*