# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CAMERON JEHL,<br><br>Plaintiffs,<br><br>v.<br><br>GGNSC SOUTHAVEN LLC D/B/A GOLDEN LIVING CENTER-SOUTHAVEN et al.,<br><br>Defendants. | Case No. 3:19-cv-091-NBB-JMV |

**REPLY DECLARATION OF ROBERT SALCIDO IN SUPPORT OF MOTION TO SUPPLEMENT DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND OTHER EXPENSES**

I, Robert Salcido, having personal knowledge of the facts contained in this Declaration and being competent to testify to them, hereby state as follows:

**A.   Background**

1.   I am a partner at Akin Gump Strauss Hauer & Feld LLP ("Akin" or the "Firm") and have been representing GGNSC Southaven LLC; GGNSC Administrative Services LLC; and GGNSC Clinical Services (hereinafter "Southaven") in this litigation since November 2019.

2.   In support of Defendants' Motion for Award of Attorneys' Fees and Other Expenses, as well as in support of Defendants' Motion to Supplement Defendants' Motion for Award of Attorneys' Fees and Other Expenses, I have submitted supporting Declarations, which are incorporated by reference. *See* ECF 356-1, 364-2, 368-2.

**B. Reasonableness of Hours Spent on Drafting Exhibits for Fee Petition**

3. Akin's April 2023 invoice includes 35.4 hours expended by associates Emily Gerry and Jenna Becker on drafting exhibits, excluding my declaration, for Akin's fee petition.

4. I supervised Ms. Gerry and Ms. Becker in performing these tasks.

5. Defendants drafted and attached 21 separate exhibits to their fee petition, including 9 declarations, 10 sets of redacted invoices covering several years' worth of litigation, a summary chart and a biography.

6. In my experience, federal district courts have different standards when reviewing evidence in support of motions for attorneys' fees and other expenses. It is necessary to carefully tailor every fee request to be consistent with case law in the relevant district, to ensure that the proper balance is struck between providing the district court with the information it deems necessary to award attorneys' fees and protecting privileged information.

7. Ms. Gerry and Ms. Becker familiarized themselves with the relevant standards in the Northern District of Mississippi to ensure that they could carefully prepare each exhibit to strike this balance. As such, while non-Akin attorneys drafted their own declarations and provided their own invoices, it was necessary for Ms. Gerry and Ms. Becker to review and coordinate the preparation and submission of all exhibits. Given the legal nuances of these tasks, these were not exhibits that could have simply been generated by administrative staff.

2

8.      Overall, based on my experience, the hours Ms. Gerry and Ms. Becker expended on these tasks were eminently reasonable, given the magnitude and complexity of this litigation.

### C.      Reasonableness of Hours Spent on Reply Motion, Memorandum and Exhibits

9.      Akin's May 2023 invoice includes 144.7 hours that I and associates Ms. Gerry, Ms. Becker, Caroline Kessler, Oluwaremilekun Mehner and Lexi Rummel expended on drafting a reply motion and memorandum for award of attorneys' fees, as well as 9 exhibits.

10.      I supervised all associates in performing these tasks.

11.      As noted in my initial supplemental declaration, Relator's response in opposition to Defendants' motion was long, particularly complex and presented many, and in many cases novel, legal theories spanning a wide number of topic areas.

12.      It was necessary for Akin's associates to engage in extensive legal research, both to review each of the dozens of cases Relator cited and to review case law to cite in rebuttal.

13.      While a number of Relator's factual and legal assertions were belied by the record or by case law, drafting a 13-page reply to address each of the numerous arguments Relator asserted over the course of its 30-page response brief was a resource-intensive task. Defendants' 13-page reply memorandum contains 22 footnotes and two dozen citations to rules, regulations, standards, case law or legislative history in response.

14.      Defendants carefully prepared 9 separate exhibits to ensure sufficient evidence was provided, consistent with the standards in this District.  Obviously, the declarations were drafted and invoices redacted with this purpose in mind.  The "computer-generated summary of billings" was carefully reviewed and annotated, and calculations

performed, consistent with the attorneys' fees being sought in this case. And the Litigation Analytics Docket Reports were carefully generated and assessed to ensure they provided an accurate picture, from a legal perspective, of attorney experience.

15. Given the magnitude and complexity of this case, the hours that the associates and I expended on the reply brief and associated exhibits, based on my experience, were reasonable.

### D. Write-Off of Time Billed by Alexa Rummel in May 2023

16. As noted in my initial Declaration, in an effort to limit costs, Defendants intend to write off fees for any timekeeper who billed less than $5,000 on this matter. As such, Defendants will write off the $4,218 in attorneys' fees incurred by Alexa Rummel in May 2023. *See* ECF 368-4 at 4.

17. Akin initially calculated the sum of its attorneys' fees incurred in May 2023 to be $91,795, after writing off time billed by counsel Rachel Kurzweil, associate Aleena Ijaz and paralegal Risa Slavin. *See* ECF 368-1 at 4, 368-4 at 4.

18. With Ms. Rummel's time removed, Defendants seek fees of $87,577 for May 2023.

19. The fees and expenses Akin incurred between November 2019 and May 2023 therefore total $1,844,279 (unadjusted) or $2,153,346.85 (with an upward adjustment to my lodestar).

I declare under penalty of perjury that the foregoing is true and correct.

*[signature: Robert Salcido]*

Robert Salcido

Executed on this 3rd day of July, 2023