IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CAMERON JEHL,<br><br>**Plaintiffs,**<br><br>v.<br><br>GGNSC SOUTHAVEN LLC D/B/A GOLDEN LIVING CENTER-SOUTHAVEN et al.,<br><br>**Defendants.** | Case No. 3:19-cv-091-NBB-JMV |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND OTHER EXPENSES**

As outlined in their initial memorandum, ECF 369, Defendants request that the Court permit them to supplement their motion for award of attorneys' fees and other expenses, and that the Court award reasonable attorneys' fees Akin Gump Strauss Hauer & Feld LLP ("Akin") incurred in April and May 2023.

**I.    DEFENDANTS TIMELY SUBMITTED FEES FOR APRIL 2023**

Relator argues that Defendants "could and should have" requested fees for work Akin performed in April 2023 in their April 27, 2023 fee petition. ECF 371 at 2. But Relator does not, and cannot, cite any support for the notion that a party is required to request the award of attorneys' fees before an invoice has even been generated and submitted to a client for payment—or that a party is prohibited from supplementing a motion for attorneys' fees with invoices generated after its initial motion has been filed. In fact, courts in the Fifth Circuit generally permit parties to supplement their motions for this very reason. *See, e.g.*, *Feld Motor Sports, Inc. v. Traxxas, LP*, 2016 WL 2758183, at *4–15 (E.D. Tex. May 12, 2016) (awarding reasonable attorneys' fees based

on a September 28, 2015 motion for attorneys' fees, as well as a December 2015 supplemental motion reflecting fees incurred since the end of August 2015). Further, given that the decision was made to write off fees for attorneys who billed less than $5,000 in April 2023, as well as in May 2023, *see* ECF 368-1 at 4,[1] Defendants could not have provided an accurate estimate for fees prior to the end of the month.

As such, the Court should award Defendants attorneys' fees incurred by Akin during April 2023.

## II. DEFENDANTS SHOULD BE AWARDED "HOME" RATES FOR AKIN ATTORNEYS

As discussed at length in Defendants' initial memorandum in support of their motion for award of attorneys' fees and other expenses, ECF 357 at 6–10, as well as in Defendants' reply memorandum, ECF 365 at 6–8, the Court should award Defendants a lodestar consistent with Akin's "home" rates for Robert Salcido and the attorneys and paralegals whom he has supervised because of the lack of requisite in-district, specialized False Claims Act ("FCA") expertise. *See also* ECF 369 at 3. Relator argues that the Court, rather than adopting the Fifth Circuit's standard for determining whether the use of home rates is appropriate—i.e., whether the requisite expertise is available in the specific federal district where the court sits, *see* ECF 357 at 7–8; ECF 365 at 6–7—should adopt his personal standard instead—i.e., whether the requisite expertise is available

---

[1] In their Motion to Supplement Defendants' Motion for Attorneys' Fees and Other Expenses, Defendants' request for May 2023 fees in the amount of $91,795 included $4,218 in fees generated by Alexa Rummel. *See* Reply Supplemental Declaration of Robert Salcido (attached as Ex. 1 to Defs.' Reply Mot. to Supp. Defs.' Mot. for Award of Atty's' Fees and Other Expenses) at ¶¶ 16–18. As Defendants will write off Ms. Rummel's fees, *id.*, Defendants seek a total of $87,577 in attorneys' fees for work performed in May 2023, and a total of $2,153,346.85 in attorneys' fees for work Akin performed between November 2019 and May 2023 (including an upward adjustment to Mr. Salcido's lodestar), *id.* at ¶ 19, in addition to the other attorneys' fees and expenses generated in this action, *see generally* ECF 368-1.

somewhere in the state.² *See* ECF 371 at 3–5. Relator's citation to dicta in *McClain v. Lufkin Indus.*, 649 F.3d 374, 382 (5th Cir. 2011), ECF 371 at 4,³ and his observation that judges have considered statewide data on market rates when arriving at an estimate for a reasonable, in-district hourly rate, *id.* at 4–5,⁴ are wholly insufficient to overcome the clear law of this Circuit with regard to out-of-district rates, *see* ECF 357 at 7–8; ECF 365 at 7.

Because there is abundant evidence that attorneys sitting in the Northern District of Mississippi did not have the requisite expertise to litigate this specialized FCA action, a fact which

---

² As Defendants noted in their reply memorandum in support of their motion for award of attorneys' fees and other expenses, not only is this "statewide" standard not supported by case law, but adopting such a standard would create significant administrability issues, which is the reason courts have not used Relator's personal standard. *See* ECF 365 at 7 n.11.

³ As Relator concedes, the standard set out in *McClain* revolves around the necessity of turning to "out-of-district" or "out-of-town" counsel—not "out-of-state" counsel. *See* 649 F.3d at 382 (describing sister circuit's standard awarding fees to an "out-of-town specialist"); *id.* at 382–83 (noting that the district court "adjusted the claimed hourly rates of the . . . attorneys downward from those prevailing in their hometown California market . . . to those prevailing in the Eastern District of Texas"); *id.* at 383 (holding that "the district court clearly erred in finding that local counsel were readily available to assist . . . and it legally erred in suggesting that local community rates are always required when out-of-district counsel are employed").

As described in Defendants' reply memorandum in support of their initial motion, ECF 365 at 7 n.9, while *McClain* had submitted affidavits suggesting that no attorneys in the state would have been willing to take his case, the district court ultimately ruled against him on the basis that "it was 'aware' of many attorneys *in the Eastern District* experienced in employment law and complex litigation." *McClain*, 649 F.3d at 383 (emphasis added). The Fifth Circuit overturned this holding, finding that the district court could not "simply rely on its own experience in the *relevant legal market* to set a reasonable hourly billing rate." *Id.* (emphasis added) (quoting *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997)).

⁴ Defendants do not argue that it would be inappropriate for the Court to consider statewide market data when evaluating whether rates for Mississippi-based attorneys in this action are consistent with prevailing market rates. Attempting to "hyper-localize" *this* inquiry could present difficulties in smaller legal markets, such as the Northern District of Mississippi, based on the relative lack of availability of wage data needed to make this determination. *Compare Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992) (upholding award of attorneys' fees at San Francisco, rather than Sacramento, rates, but only upon finding that "Sacramento attorneys with adequate expertise were unavailable").

3

is not seriously disputed,[5] this Court should award a lodestar for Akin consistent with its Washington, D.C.-based home rates.[6]

## III. THE NUMBER OF HOURS EXPENDED IN APRIL AND MAY 2023 WAS REASONABLE

Finally, for the reasons set forth in Defendants' initial memorandum, ECF 369 at 2, Defendants should be awarded a lodestar consistent with the full number of hours expended on litigating this case in April and May 2023. Relator asks the Court to dramatically reduce Defendants' lodestar, based not on case law or any other evidence (such as, for instance, the amount of time Relator spent on comparable tasks), but rather on Relator's personal opinion regarding how long these tasks should have collectively taken. *See* ECF 371 at 6–10. But as detailed in Mr. Salcido's Supplemental Declaration, ECF 368 at ¶¶ 10–12, and in the Reply Supplemental Declaration of Robert Salcido, Ex. 1 at ¶¶ 3–15, the number of hours spent on all of these tasks was reasonable, given the magnitude of this case, as well as the complexity of the issues presented. *See also* ECF 369 at 2–3 n.4; *Miller v. Holzmann*, 575 F. Supp. 2d 2, 42–43 (D.D.C. 2008) (alteration in original) (declining to reduce lodestar in an FCA case where 141.5 hours were spent on drafting a complaint and 300.5 hours were spent on legal research, and quoting attorney declarant for the proposition that "[e]xperts in substantive practice areas are still required to

---

[5] Further, in addition to the Southern District not being the relevant market to determine in-district rates, Relator's contention also fails because, as detailed in Defendants' reply memorandum in support of their initial motion, *see* ECF 365 at 6 n.7, 7 n.8, the Southern District attorneys whom Relator cites for evidence of in-district expertise simply do not have the same level of specialized FCA experience needed to defend a $30 million action involving complex and shifting theories of FCA liability involving CMS and state licensure permeated by frivolous claims and discovery violations.

[6] Contrary to Relator's assertion, ECF 371 at 5–6, Defendants have provided ample evidence that the other Akin timekeepers for whom they are seeking fees have specialized FCA experience that is necessary for this action. *See* ECF 356-1 at ¶¶ 23–24; ECF 368-2 at ¶¶ 7–9. As such, Defendants should be awarded home rates for these attorneys in addition to Mr. Salcido.

conduct 'research' (indeed, a lawyer would be negligent if he or she did not conduct 'research') to determine the current state of the law[,] and no practitioner would be expected to know all answers to legal questions, even within the practitioner's area of expertise"), *amended in part, vacated in part on other grounds sub nom. United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 786 F. Supp. 2d 110 (D.D.C. 2011). Further, as has been true in this litigation as a whole, as well as during this attorney-fee litigation phase, a party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by [its adversary] in response." *Holzmann*, 575 F. Supp. 2d at 22 (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc)).

In light of the ample evidence Defendants have provided of the reasonableness of hours expended, the Court should disregard this request and should award Defendants attorneys' fees for all hours expended in April and May 2023.[7]

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' Motion.

Date:  July 3, 2023

Respectfully submitted,

*/s/ Margaret Sams Gratz*
Margaret Sams Gratz, Esq. (MSB # 99231)
William Grant Armistead (MSB # 9786)
Mitchell, McNutt & Sams, P.A.
P. O. Box 7120
Tupelo, MS  38802-7120
Telephone: (662) 842-3871
Facsimile: (662) 842-8450
mgratz@mitchellmcnutt.com

---

[7] Relator also argues that *any* time entries containing redactions should be excluded from the fee award, ECF 371 at 7–9, because "case law and the issues surrounding the fee petition are actually discussed" and so "there is nothing privileged or confidential about the subjects of the research." *Id.* at 9.  Relator cites no case law for this proposition, and as Defendants noted in their initial reply memorandum, courts in this Circuit have generally recognized, in the context of redacting invoices for fee petitions, that the specific subjects of legal research and legal strategy are attorney-client privileged.  ECF 365 at 12.

5

Robert Salcido (*pro hac vice*)
D.C. Bar No. 447951
Akin Gump Strauss Hauer & Feld LLP
2001 K. Street, N.W.
Washington, D.C. 20006
Telephone: 202-887-4000
Facsimile: 202-887-4288
rsalcido@akingump.com

***Attorneys for Defendants*
GGNSC Southaven LLC; GGNSC
Administrative Services LLC; GGNSC
Clinical Services**

## CERTIFICATE OF SERVICE

This is to certify that I, Robert Salcido, one of the attorneys for GGNSC Southaven, LLC individually and on behalf of all Defendants have this day furnished a true and correct copy of the above and foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT MOTION FOR AWARD OF ATTORNEYS' FEES AND OTHER EXPENSES** to the following via ECF filing:

Robert B. McDuff (MSB # 2532)
Law Office of Robert B. McDuff
767 North Congress St.
Jackson, MS 39202
Telephone: 601.259.8484
rbm@mcdufflaw.com

Richard R. Barrett (MSB #99108)
Law Office of Richard R. Barrett, PLLC
2086 Old Taylor Road
Suite 1011 Oxford, MS 38655
Telephone: 662.380.5018
rrb@rrblawfirm.net

Philip N. Elbert, Esq.
Lisa P. Binder, Esq.
Nathan C. Sanders, Esq.
Neal & Harwell, PLC
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
pelbert@nealharwell.com
lbinder@nealharwell.com
nsanders@nealharwell.com

This 3rd day of July, 2023.

                                                    */s/ Robert Salcido*
                                                    ROBERT SALCIDO