**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> CAMERON JEHL, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GGNSC SOUTHAVEN LLC D/B/A GOLDEN ) <br> LIVINGCENTER-SOUTHAVEN; GGNSC ) <br> ADMINISTRATIVE SERVICES LLC D/B/A ) <br> GOLDEN VENTURES; AND GGNSC ) <br> CLINICAL SERVICES LLC D/B/A GOLDEN ) <br> CLINICAL SERVICES, ) <br> ) <br>    Defendants. ) | No. 3:19-cv-091-GHD-JMV |

**PLAINTIFF-RELATOR'S MOTION TO ALTER OR AMEND
THE AMOUNT OF THE JUDGEMENT REGARDING ATTORNEYS' FEES**

Pursuant to Fed. R. Civ. Proc. 59(e), the Relator moves to adjust and reduce the fee award to the Defendant in this case for the reasons set forth in of the first and second sections of the Plaintiff-Relator's memorandum opposing the full amount of attorneys' fees sought by the Defendants. In granting a fee award of $1,058,373.97, the Court failed to address the two arguments in those sections.[1] The arguments are at pp. 3-6 of Doc. 363. They are alternative arguments. Each of them would reduce by several hundred thousand dollars the amount of fees that the Court awarded. Those arguments, and the reasons why this Rule 59(e) motion should be granted, are discussed further in the memorandum filed in support of this motion.

---

[1] The Court's opinion is at Doc. 377.

Attached as an exhibit to this motion are two charts that set forth the appropriate amount of fees that should be awarded if the Court agrees with one or the other of the two alternative arguments. The charts list the number of defense counsel hours in the relevant time periods and incorporate the hourly rates deemed reasonable by the Court and the reductions for excessiveness and vagueness already imposed by the Court. Depending on which of the alternative arguments the Court accepts, one of the amounts would be substituted for the figure of $1,058,373.97 that the Court held was owed when it issued its opinion without addressing those two arguments. If the Court agrees with the first argument, the total amount owed would be $490,646.22. If the Court instead agrees with the second argument, the total amount owed would be $339,079.36.

For the reasons set forth in the supporting memorandum and also at pp. 3-6 of doc. 363, this motion should be granted and the fee award modified accordingly.

    Respectfully submitted,

    /s/ *Robert B. McDuff*
    Robert B. McDuff (MSB # 2532
    Law Office of Robert B. McDuff
    767 North Congress Street
    Jackson, MS 39202
    601.259.8484 (Telephone)
    rbm@mcdufflaw.com

    Philip N. Elbert (admitted pro hac vice)
    Nathan C. Sanders (admitted pro hac vice)
    NEAL & HARWELL, PLC
    1201 Demonbreun Street, Suite 1000
    Nashville, TN 37203
    (615) 244-1713 – Telephone
    pelbert@nealharwell.com
    nsanders@nealharwell.com

Richard R. Barrett (MSB #99108)
Law Office of Richard R. Barrett, PLLC
2086 Old Taylor Road
Suite 1011
Oxford, MS 38655
662.380.5018 (Telephone)
rrb@rrblawfirm.net

*Counsel for Relator*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2024, the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

/s/ *Robert B. McDuff*