**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

UNITED STATES OF AMERICA, ex rel.    )
CAMERON JEHL,    )
    )
    **Plaintiffs,**    )
    )
v.    )    **No. 3:19-cv-091-GHD-JMV**
    )
GGNSC SOUTHAVEN LLC D/B/A GOLDEN    )
LIVINGCENTER-SOUTHAVEN; GGNSC    )
ADMINISTRATIVE SERVICES LLC D/B/A    )
GOLDEN VENTURES; AND GGNSC    )
CLINICAL SERVICES LLC D/B/A GOLDEN    )
CLINICAL SERVICES,    )
    )
    **Defendants.**    )

---

**PLAINTIFF-RELATOR'S MOTION TO APPROVE SECURITY FOR APPEAL**
**AND DEPOSIT THE FUNDS IN THE REGISTRY OF THE COURT**

---

Pursuant to Fed. R. App. Proc. 8(a)(1)(B)[1] and Fed. R. Civ. Proc. 62(b),[2] the Plaintiff-Relator moves for the Court to approve security in the amount of **$1,192,807.15** to be deposited in the registry of the Court. This figure is compiled by adding the fees awarded in this case to the Defendant, $1,058,373.97 [doc. 378], plus the amount of costs awarded, $31,012.65 [doc. 336], plus interest on both figures up until the present, $50,104.14, which totals to a figure of $1,139,490.76,[3] plus interest on that sum for the next year to account for the time the appeal is

---

[1] "A party must ordinarily move first in the district court for the following relief: . . . approval of a bond or other security provided to obtain a stay of judgment.'
[2] "At any time after judgment is entered, a party may obtain a stay [of execution on the judgment and proceedings to enforce it] by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."
[3] These interest rate figure to the present and the total figure were supplied by defense counsel as the amount they believe is presently owed.

likely to take, which is an additional $53,316.39.[4]  The Plaintiff-Relator also moves that the stay resulting from approval of the security remain in effect until issuance of the mandate by the United States Court of Appeals in response to a timely appeal filed in this case.

The undersigned has asked defense counsel Robert Salcido this morning for his position on this resolution.  He has not responded as of yet.   Previously, the undersigned asked Mr. Salcido for his position on a deposit of the amount of fees awarded, $1,058,373.97.  Mr. Salcido said that was a good start but stated that the deposit should also include the costs and the interest to date, and then an additional 20% to account for interest and potential fees incurred on the appeal.  After review of the authorities cited by Mr. Salcido, the undersigned concluded that the deposit should include the costs and the interest to date, plus a year of future interest to account for the time on appeal, but does not need to include the full 20% add-on.  He then proposed that to Mr. Salcido as a resolution.  Because the undersigned has yet to receive a response, he is now filing this motion and is informing Mr. Salcido accordingly.

The Court's order regarding these fees was entered on March 14, 2024.  Fed. R. Civ. Proc. 62(a) stays enforcement of a judgment for 30 days after its entry.  30 days will expire this Saturday, April 13, 2024.   In the time since the Court's ruling, the Plaintiff-Relator has been working to arrange his finances so he could deposit a sufficient amount.  Since Tuesday of this week, the undersigned has been in communication with defense counsel Salcido in an effort to agree on the amount of the bond and has reviewed the authorities that Mr. Salcido mentioned during those communications.   Because the automatic stay expires soon, the Plaintiff-Relator requests that the Court approve this bond prior to that time.   As noted in Rule 62(b), a new stay "takes effect when

---

[4] This amount is calculated by the using the current treasury rate specified in 28 U.S.C. 1961, which is 5.03%.

the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

Because of the straightforward nature of this motion, the undersigned respectfully requests that no supporting memorandum be required.   A proposed order will be submitted.

Respectfully submitted,

/s/ *Robert B. McDuff*
Robert B. McDuff (MSB # 2532
Law Office of Robert B. McDuff
767 North Congress Street
Jackson, MS 39202
601.259.8484 (Telephone)
rbm@mcdufflaw.com

*Counsel for Relator*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2024, the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

/s/ *Robert B. McDuff*
Counsel for Relator