**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. CAMERON JEHL,** | |
| **Plaintiffs,** | |
| **v.** | Case No. 3:19cv091-NBB-JMV |
| **GGNSC SOUTHAVEN LLC D/B/A GOLDEN LIVING CENTER- SOUTHAVEN et al.** | |
| **Defendants.** | |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE IN OPPOSITION TO RELATOR'S MOTION TO APPROVE SECURITY FOR APPEAL AND DEPOSIT THE FUNDS IN THE REGISTRY OF THE COURT**

On April 11, 2024, Plaintiff-Relator ("Relator"), in his Motion to Approve Security for Appeal, ECF 382, petitioned the Court to approve security for an appeal in the amount of $1,192,807.15, or $53,316.39 in post-judgment interest in addition to the judgment remaining unsatisfied ($1,139,490.76).[1] On the following day, April 12, 2024, he filed a Memorandum in Support of his motion, ECF 384, as well as submitting a revised proposed order to the Court. For the reasons stated herein, Relator's proposed security is insufficient to accomplish the dual purpose of preserving the status quo and protecting Defendants' rights pending appeal. As such,

---

[1] Relator states that "[b]oth parties agree that the amount presently owed is $1,139,490.76." ECF 382 at 1. Defendants agree that this is the amount owed as of April 9, 2024, when the parties conferred regarding the judgment remaining unsatisfied. As Relator points out, this figure includes (i) attorneys' fees, (ii) costs, and (iii) statutory interest that has, as of April 9, 2024, accumulated since the Court found entitlement to fees and costs. In order to simplify the Court's review, Defendants will continue to refer to this figure as the "judgment remaining unsatisfied," rather than an updated figure reflecting the amount owed as of April 23, 2024 (which Defendants calculate to be $1,141,194.40).

Defendants ask that the Court, should it set an amount for security, set the amount of security at 120% of the judgment remaining unsatisfied, or $1,367,388.91. Defendants also submit for the Court's review and consideration a Proposed Order Setting the Amount of Security for Appeal. This Order is attached as Exhibit 1.[2]

## I.  SECURITY IN THE AMOUNT OF $1,192,807.15 IS INSUFFICIENT TO BOTH PRESERVE THE STATUS QUO AND PROTECT DEFENDANTS' RIGHTS PENDING APPEAL, SO THE COURT SHOULD REQUIRE SECURITY IN THE AMOUNT OF $1,367,388.91.

The purpose of a supersedeas bond or other security is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc*., 600 F.2d 1189, 1190–91 (5th Cir. 1979). In addition to ensuring the judgment is still collectable after an unsuccessful appeal, such security "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.* at 1191. As a result, courts require, as a general rule, security reflecting "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay." *Id.*; *Great Am. Life Ins. Co. v. Tanner*, No. 3:16-CV-70-DMB-JMV, 2020 WL 3578376, at *3 (N.D. Miss. July 1, 2020), *aff'd*, 5 F.4th 601 (5th Cir. 2021). While a cash deposit in the amount of $1,367,388.91 is sufficient to satisfy this requirement, Relator's proposed cash deposit of $1,192,807.15 would fail to secure Defendants against the loss they would incur during an ineffectual appeal.

### A.  Requiring Security Equal to 120% of the Judgment Remaining Unsatisfied Is Consistent Not Only with the Approach Taken by Other District Courts But

---

[2] Based on our review of Relator's Motion, ECF 382, Memorandum, ECF 384, and Proposed Order, Defendants understand that Relator proposes to deposit a check with the Court to obtain a stay by "other security," rather than a stay by supersedeas bond. Fed. R. Civ. P. 62(b). Defendants do not object to the form of this security but have drafted the Proposed Order to ensure the judgment is collectable in the event Relator's appeal is unsuccessful, consistent with Rule 67.

**Also with the Amount Recognized by Courts in This District as Appropriate Under Rule 62(b).**

Defendants' proposal to set the security amount at $1,367,388.91, or 120% of the judgment remaining unsatisfied, would both protect the status quo and protect Defendants' rights during appeal. It is also consistent with what numerous other district courts in the Fifth Circuit have found to be the minimum necessary to constitute adequate security under Rule 62(b). As Relator himself acknowledges, *see* ECF 384 at 1-2, this includes district courts that have promulgated local rules requiring 120% of the judgment to be posted as security, *see, e.g., Little v. Transocean Offshore U.S.A., Inc*., No. CIV.A. 02-3489, 2004 WL 162903, at *1 (E.D. La. Jan. 21, 2004); *Moss v. Princip*, No. 3:14-CV-3088-BF, 2016 WL 9245114, at *3 (N.D. Tex. July 20, 2016), as well as courts that have required 120% of the judgment to be posted *in the absence* of a local rule, *see, e.g., Lyondell Chem. Co. v. Albemarle Corp*., No. 1:01-CV-890, 2008 WL 11339934, at *2-3 (E.D. Tex. Jan. 22, 2008) (finding the local rule in the Northern District of Texas "instructive" and stating that "[t]he court concurs that such a formula, in most situations, would provide an amount sufficient to protect the judgment creditor's interests"). As Relator also notes, the Northern District of Mississippi has not promulgated a local rule. *See* ECF 384 at 2. However, at least one court in this District has recognized that, "[a]lthough practices vary among judges, *[security] of 1.25 to 1.5 times the judgment is typically required*." *Great Am. Life Ins. Co.*, 2020 WL 3578376, at *3 (citation omitted) (emphasis added) (declining to waive the security requirement).

Setting the amount of security at 1.2 times (120% of) the judgment is thus, in fact, *less* than what one court in this District has identified as typical. It would also best secure Defendants "against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Poplar Grove*, 600 F.2d at 1191.

**B.** **Relator's Proposed Cash Deposit of $1,192,807.15 Would Be Insufficient to Protect Defendants' Rights During Appeal, as It Does Not Take into Account the Costs of Appeal (Including Attorneys' Fees) or Damages for Delay.**

In contrast, Relator proposes to pay, in addition to the judgment remaining unsatisfied, $53,316.19 "for an additional year of interest while the appeal is pending." ECF 384 at 1. As noted, however, security is required not just to cover the amount of the judgment plus additional interest, but also to cover "costs on the appeal" and "damages for delay." *Poplar Grove*, 600 F.2d at 1191. In addition to potential damages for delay and statutory costs, should Relator's appeal prove ineffectual, Defendants must be secure in the fact that Relator can also pay them for attorneys' fees incurred during the course of the appeal, as well as attorneys' fees incurred during this briefing cycle and briefing on Relator's pending Rule 59(e) motion. This Court has already held that Defendants are entitled to attorneys' fees because this action is frivolous, *see* ECF 350, and has awarded Defendants fees incurred in litigating Relator's previous appeal to the Fifth Circuit, *see generally* ECF 377; ECF 378,[3] as well as fees incurred while litigating the matter of attorneys' fees, *see* ECF 377 at 2. Should Defendants prevail during this second appeal, they will make a supplemental motion for an award of attorneys' fees, consistent with the Court's prior order. *See* ECF 349.

While the Fifth Circuit has not ruled on the issue,[4] courts often take into account attorneys' fees when setting the amount of a supersedeas bond. *See, e.g., Sazerac Co., Inc. v. Fetzer*

---

[3] Relator did not, in briefing, oppose Defendants' request for fees incurred during Relator's ineffectual appeal of the grant of summary judgment. *See generally* ECF 363.

[4] We note that, while one district court in this Circuit noted in dicta that it was "unclear whether a supersedeas bond should include attorney's fees that will be incurred on appeal," it still "offered as guidance in an effort to avoid further litigation of the supersedeas bond issue" its observation that the defendant's proposed bond should include attorneys' fees generated only in plaintiff's proposed Fifth Circuit appeal but should not include attorneys' fees generated in a hypothetical future appeal to the Supreme Court, "[a]ssuming, without deciding, that a supersedeas bond

*Vineyards, Inc.*, No. 3:15-CV-04618-WHO, 2018 WL 620123, at *4 (N.D. Cal. Jan. 30, 2018) (setting a bond amount of 120% of the judgment to "ensure [Defendant's] ability to collect the fee judgment, the accumulation of interest over an estimated two years for the Ninth Circuit to hear the appeal, appellate court costs, and additional attorneys' fees"); *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012); *see also VICI Racing, LLC v. T-Mobile USA*, Inc., 921 F. Supp. 2d 317, 334 (D. Del. 2013), *vacated in part on other grounds*, 763 F.3d 273 (3d Cir. 2014) (requiring bond in the amount of the judgment, plus pre-judgment interest, plus an estimate of attorney's fees).[5]

Relator argues that attorneys' fees should not factor into the amount of security because (i) his appeal is not frivolous and (ii) there is no indication that he would be unable to satisfy any additional award of fees at the conclusion of the appeal. ECF 384 at 2-3. With regard to Relator's first argument, he further elaborates that the subject of his appeal would simply consist of the same arguments raised in his Rule 59(e) motion. *Id.*

As a preliminary notion, for the reasons discussed at length in Defendants' Memorandum of Law in Support of Response in Opposition to Relator's Motion to Alter or Amend the Amount of Judgment Regarding Order Finding That This Case Is Frivolous and Granting Attorneys' Fees to Defendants, filed contemporaneously with this memorandum, seeking to rehash arguments is not a permissible basis for a Rule 59(e) motion, and these arguments are just as meritless now as

---

properly includes any attorney's fees that will be incurred on appeal[.]" *Tricon Energy, Ltd. v. Vinmar Int'l, Ltd.*, No. CIV.A. 4:10-05260, 2012 WL 527965, at *1-2 (S.D. Tex. Feb. 16, 2012).

[5] Even if the Court declines to rule on whether "attorneys' fees" are encompassed within "costs on appeal," it has "inherent discretionary authority to set the amount of the bond" so that it is "sufficient to ensure that judgment creditors are protected[.]" *United States v. Stanley*, No. 5:11-CV-117 DCB MTP, 2013 WL 6330505, at *2 (S.D. Miss. Dec. 5, 2013). The Court may also decline to make this finding if it adopts the standard used by other district courts in this Circuit, as described at length above.

they were the last four times Relator raised them and the Court rejected them. *See* ECF 387 at 8-14. Any appeal premised on these arguments would, by the same logic, be frivolous. But, in any event, Defendants' claim to attorneys' fees is not speculative: Defendants have *already* been found entitled to fees based upon Relator filing a frivolous False Claims Act action, *see* ECF 350, and this Court has already awarded Defendants attorneys' fees incurred during Relator's previous appeal, *see generally* ECF 378. *See also, e.g., United States v. Keshner,* 794 F.3d 232, 237 (2d Cir. 2015) (affirming False Claims Act fee award in and remanding, in the absence of a finding the appeal was frivolous, to the district court to award appellate attorneys' fees, noting "[w]e see no reason why the award of reasonable fees should not include compensation for time spent successfully defending this appeal"). Moreover, given the fact that Relator continues to raise frivolous arguments and prolong litigation of this action, Defendants have well-founded concerns regarding the need to protect their rights to future attorneys' fees.

## II. CONCLUSION.

Defendants ask that the Court deny Relator's motion to approve security for the appeal. To the extent the Court sets an amount of security, the Court should require a deposit of 120% of the judgment remaining unsatisfied, or $1,367,388.91.

Date: April 23, 2024                    Respectfully submitted,


                                        */s/ Margaret Sams Gratz*
                                        Margaret Sams Gratz, Esq. (MSB # 99231)
                                        Gratz & Gratz, P.A.
                                        312 North Green St.
                                        Tupelo, MS 38804
                                        Tel (662) 844-5531
                                        Fax (662) 844-8747
                                        margaret@gratzandgratz.com

Robert Salcido (*pro hac vice*)
D.C. Bar No. 447951
California Bar No. 139138
Akin Gump Strauss Hauer & Feld LLP
2001 K. Street, N.W.
Washington, D.C. 20006
Telephone: 202-887-4000
Facsimile: 202-887-4288
rsalcido@akingump.com

***Attorneys for Defendants***
**GGNSC Southaven LLC; GGNSC
Administrative Services LLC; GGNSC
Clinical Services**

**CERTIFICATE OF SERVICE**

This is to certify that I, Robert Salcido, one of the attorneys for GGNSC Southaven, LLC individually and on behalf of all Defendants have this day furnished a true and correct copy of the above and foregoing **MEMORANDUM OF LAW IN SUPPORT OF RESPONSE IN OPPOSITION TO RELATOR'S MOTION TO APPROVE SECURITY FOR APPEAL AND DEPOSIT THE FUNDS IN THE REGISTRY OF THE COURT** to the following via ECF filing:

> Robert B. McDuff (MSB # 2532)
> Law Office of Robert B. McDuff
> 767 North Congress Street
> Jackson, MS 39202
> Telephone: 601.259.8484
> rbm@mcdufflaw.com

> Richard R. Barrett (MSB #99108)
> Law Office of Richard R. Barrett, PLLC
> 2086 Old Taylor Road
> Suite 1011
> Oxford, MS 38655
> Telephone 662.380.5018
> rrb@rrblawfirm.net

> Philip N. Elbert, Esq.
> Lisa P. Binder, Esq.
> Nathan C. Sanders, Esq.
> Neal & Harwell, PLC
> 1201 Demonbreun St., Suite 1000
> Nashville, TN 37203
> pelbert@nealharwell.com
> lbinder@nealharwell.com
> nsanders@nealharwell.com

This 23rd day of April 2024.

*/s/ Robert Salcido*