IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> CAMERON JEHL, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GGNSC SOUTHAVEN LLC D/B/A GOLDEN ) <br> LIVINGCENTER-SOUTHAVEN; GGNSC ) <br> ADMINISTRATIVE SERVICES LLC D/B/A ) <br> GOLDEN VENTURES; AND GGNSC ) <br> CLINICAL SERVICES LLC D/B/A GOLDEN ) <br> CLINICAL SERVICES, ) <br> ) <br>    Defendants. ) | No. 3:19-cv-091-GHD-JMV |

**PLAINTIFF-RELATOR'S REPLY BRIEF IN SUPPORT
OF MOTION TO APPROVE SECURITY FOR APPEAL AND
DEPOSIT THE FUNDS IN THE REGISTRY OF THE COURT**

In responding to the Plaintiff-Relator's motion to approve security for appeal in the amount of $1,192,807.15 [doc. 382, 384], the Defendant argued that the security should instead be $1,367,388.91. [Doc. 389]. As already noted, they reached their figure by adding 20% (or $227,898.15) of the amount presently owed ($1,139,490.76) rather than following the Plaintiff's figure which adds one-year's interest ($53,316.39) to the amount presently owed to account for the estimated time the appeal will take. In other words, the Defendant contends that the security amount should be $174,581.76 higher than the amount proposed by the Plaintiff.[1]

---

[1] In its May 14 order, this Court extended the automatic stay of enforcement of the judgment until April 29, 2024. [Doc. 385]. Once the Court approves a bond, a stay will remain in place pending the Plaintiff posting the required amount within the time permitted by the Court's order.

In support of their 20% add-on, the Defendant quotes a decision from a judge of this Court stating that "[a]lthough practices vary among judges, [security] of 1.25 to 1.5 times the judgment is typically required." Doc. 389 at 3, *quoting Great Am. Life Ins. Co. v. Tanner,* No. 3:16-CV-70-DMB-JMV, 2020 WL 3578376, at *3 (N.D. Miss. July 1, 2020), *aff'd on other grounds*, 5 F.4th 601 (5th Cir. 2021). But the Defendant failed to note that the order they cited from the Judge in that case (Judge Brown) *did not* impose such a requirement but was simply providing an analysis for the parties' consideration with respect to any future motions. More importantly, the Defendant also failed to note that Judge Brown was quoting a district court in California which was citing a California practice guide referring to Ninth Circuit civil appellate practice. Judge Brown quoted *Cotton ex rel. McClure v. City of Eureka,* 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012), and the quote from *Cotton* states: "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required. See Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011))." 860 F. Supp. 2d at 1029. Whatever may have been the practice as described in that practice guide, it does not control in this case.

The only reason to require a full 20% would be to encompass any attorneys' fees the Defendant-Appellee might incur if it completely prevails in defending against the Plaintiff's appeal. While the Fifth Circuit has said that a security on appeal should generally reflect "the whole amount of the judgment remaining unsatisfied, costs in the appeal, interest, and damages for delay," *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979), the Plaintiff's figure already includes interest and this is not a case in which there is damage from the delay outside of any interest that accumulates. Thus, the only reason for an increase in the amount of $174,581.76 is if the "costs in the appeal" include not just the typical

costs of preparing the record and printing briefs referred to in Fed. R. App. Proc. 39, but also attorneys' fees if the Defendant prevails in the appeal.

But as we noted in our memorandum in support of our motion to approve a security in the lower amount without a full 20% add-on, "[t]he majority position, however, appears to be the amount of a supersedeas bond should not include expected additional attorneys' fees." Doc. 384 at 2, *quoting BRPS LLC v. Tenney Realty Services LLC,* No. CV-18-08249-PCT-ROS, 2020 WL 8812771, at *1 (D. Ariz. 2020). We also noted that the court in that case did not include potential attorneys' fees as part of the appeal bond because the "appeal is not frivolous" and "there is no indication that BRPS would be unable to satisfy an additional award of attorneys' fees at the conclusion of the appeal." *Id.* at 2. Thus, the Court held that "security in the amount of the judgment, plus a small amount for interest is appropriate." *Id*. In responding to our memorandum, the Defendant does not dispute that the *BRPS* court's decision in 2020 articulated the majority position regarding whether the bond should include expected attorneys' fees. But it does appear to contend that the Plaintiff's appeal would be frivolous.

As explained in our motion to approve the proposed security amount [doc. 384 at 2-3], our appeal will include arguments contained in our motion to reconsider [doc. 353] the ruling making the Plaintiff liable for fees in the first place and also the two arguments contained in the pending Rule 59(e) motion to alter or amend regarding the amount of fees [doc. 381] in the event the Court denies that motion --- arguments that the Court failed to address previously but that would reduce the current fee award by several hundred thousand dollars. After mistakenly claiming [doc. 389 at 5] that our appeal would consist only of the Rule 59(e) arguments, the Defendant contends that those arguments "are just as meritless now as they were the last four times Relator raised them and

3

the Court rejected them" and "[a]ny appeal premised on these arguments would, by the same logic, be frivolous." [Doc. 389 at 5-6].

But this is pure obfuscation. While this Court previously held that the claims in the Plaintiff's case on the merits were frivolous, the Court never held that the Plaintiff's arguments against the imposition of attorneys' fees as a general matter were frivolous. Moreover, the Court has not yet addressed the two arguments relating to *the amount* of fees that are contained in the Rule 59(e) motion, and certainly has not said they are frivolous. Whether the Court agrees with those arguments or not, they are not frivolous and the upcoming appeal of the Court's order, which presently imposes over one million dollars in attorneys' fees, is not frivolous. The Defendants are completely wrong to claim "that Relator continues to raise frivolous arguments and prolong litigation of this action." [Doc. 389 at 6].[2]

Accordingly, the Plaintiff's motion to approve security in the amount of $1,192,807.15 should be granted.

Respectfully submitted,

/s/ *Robert B. McDuff*
Robert B. McDuff (MSB # 2532
Law Office of Robert B. McDuff
767 North Congress Street
Jackson, MS 39202
601.259.8484 (Telephone)
rbm@mcdufflaw.com

*Counsel for Plaintiff-Relator*

---

[2] These arguments will be discussed more thoroughly in the upcoming reply brief on the Rule 59(e) motion.

4

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 25th day of April, 2024, the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

                                                     /s/ *Robert B. McDuff*
                                                     Counsel for Relator