**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA, ex rel.
CAMERON JEHL**                                                                             **PLAINTIFF**

**V.**                                                                          **NO: 3:19-CV-091-GHD-JMV**

**GGNSC SOUTHAVEN LLC D/B/A
GOLDEN LIVINGCENTER-
SOUTHAVEN; GGNSC
ADMINISTRATIVE SERVICES LLC
D/B/A GOLDEN VENTURES; AND
GGNSC CLINICAL SERVICES LLC
D/B/A GOLDEN CLINICAL SERVICES**                                      **DEFENDANTS**

**ORDER GRANTING MOTION TO APPROVE SECURITY BOND**

Presently before the Court is the Plaintiff-Relator's Motion to Deposit Funds [382] for Appeal Bond (also titled "Motion to Approve Security for Appeal and Deposit the Funds in the Registry of the Court"). The Defendants have responded in opposition to the motion, and the Court, upon due consideration, for the reasons set forth herein, hereby grants the Plaintiff-Relator's Motion to Approve Security for Appeal [382].

Rule 62(b) of the Federal Rules of Civil Procedure permits a party seeking to stay the execution of a judgment pending appeal to post a bond or other security to secure the payment of the judgment to the judgment creditor. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). The Fifth Circuit has instructed that the amount of the bond should ordinarily include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay." *Id*.

1

Here, both parties agree that the amount presently owed is $1,139,490.76, which consists of attorneys' fees, costs, and interest thus far on these amounts. The Plaintiff-Relator has presently motioned for the Court's approval of a security bond amount of $1,192,807.15, which takes the presently owed amount of $1,139,490.67 and adds an additional year of interest ($53,316.39). The Defendants have opposed this requested amount, instead seeking approval of a higher security bond amount of $1,367,388.91, which has been calculated by taking the presently owed amount and adding 20%.

The Court is unpersuaded by the Defendants' argument that an additional 20% to the presently owed amount would constitute an appropriate security bond amount. The cases cited by the Defendants in support of adding an additional 20% to the presently owed amount are not precedential holdings to this Court. The cases are from district courts in Texas or Louisiana that have specific local rules requiring that 120% of the amount owed be posted for an appeal bond. The Northern and Southern Districts of Mississippi do not have such a rule regarding the amount of appeal bond. The Court therefore holds that security in the amount of the judgment, costs, and interest is appropriate in the amount of $1,192,807.15.

Pursuant to Fed. R. App. Proc. 8(a)(1)(B) and Fed. R. Civ. Proc. 62(b), the Court hereby GRANTS the motion of the Plaintiff-Relator to approve security for appeal in the amount of $1,192,807.15, with the funds to be deposited directly into the registry of the Court. The stay resulting from approval of the security will remain in effect until issuance of the mandate by the United States Court of Appeals in response to a timely appeal filed in this case.

Defendants may, for good cause, move this Court for relief from such stay, including modifying or vacating such stay, if (i) subsequent events render such deposited funds, and any

interest earned thereon, to be less than adequate security and protection, or if (ii) Plaintiff-Relator's appeal is dismissed, abandoned, and/or stayed.

In order to effectuate this security, the Plaintiff-Relator, Cameron Jehl, is authorized to deposit $1,192,807.15 by certified check or the equivalent or by some other means of transfer approved by the Clerk, made payable to "U.S. District Court," and delivered, together with a copy of this Order, to the Clerk of the Court, within ten days of the date of this Order.

The Clerk of Court is directed to deposit the funds into an interest-bearing account with an authorized depository, as specified in the Order Regarding Deposit and Investment of Registry Funds, dated February 8, 2017 (which can be found on the website of this Court), and to retain such funds on deposit until further order of the Court.

SO ORDERED AND ADJUDGED this 29th day of April, 2024.

_____
SENIOR U.S. DISTRICT JUDGE