IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> CAMERON JEHL, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GGNSC SOUTHAVEN LLC D/B/A GOLDEN ) <br> LIVINGCENTER-SOUTHAVEN; GGNSC ) <br> ADMINISTRATIVE SERVICES LLC D/B/A ) <br> GOLDEN VENTURES; AND GGNSC ) <br> CLINICAL SERVICES LLC D/B/A GOLDEN ) <br> CLINICAL SERVICES, ) <br> ) <br>     Defendants. ) | No. 3:19-cv-091-GHD-JMV |

---

**PLAINTIFF-RELATOR'S REPLY BRIEF IN
SUPPORT OF MOTION TO ALTER OR AMEND THE
AMOUNT OF THE JUDGMENT REGARDING ATTORNEYS' FEES**

---

Contrary to Defendants' position that this Court cannot entertain this Rule 59(e) motion that raises previously unaddressed issues, Relator's memorandum [doc. 381 at 1-2] specifically noted that "[t]he failure to address a key legal argument is an appropriate basis for a Rule 59(e) motion." *Garziano v. Louisiana Log Home Co., Inc.*, 569 Fed. Appx. 292, 300 (5th Cir. 2014). As already indicated, Relator's two primary arguments regarding the amount of attorneys' fees raised the legal issues of (1) whether a defendant can recover fees due to a plaintiff's allegedly frivolous oversight during a time period when the defendant apparently committed the same oversight and did not call the issue to the attention of the plaintiff or the court, *see, Gonzalez v. Planned Parenthood of L.A.*, 2015 WL 12659936, at *12 (C.D. Cal. 2015); *Palazzolo v. Sonne*, 2009 WL 86706, at *1 (N.D. Cal. 2009), and alternatively (2) whether a defendant can recover

fees for work over a period of time that would have been unnecessary had it earlier obtained dismissal by raising a dispositive issue that it failed to raise. *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977).[1] Additionally, as Relator mentioned in that same memorandum, addressing these issues is necessary to prevent a "manifest injustice." [Doc. 381 at 3-5].[2] These are appropriate grounds for a Rule 59(e) motion.

The alternative would mean that occasional failures of district courts to address important questions in issuing a judgment would be raised on appeal without the losing party first alerting the district court to the apparent oversight and giving the court an opportunity to address the issue. This seems quite inefficient and out of keeping with the spirit of the Federal Rules. Of course, if the district court considered the issue and resolved it against the losing party without specifically writing about it, the court can deny the Rule 59(e) motion in short order. But it seems appropriate for litigants to be able to alert courts to potential oversights in the event they actually were oversights and courts wish to rectify them. Although Defendants seem to contend that courts cannot entertain such motions, they cite no case law supporting such a rigid prohibition in this unusual circumstance.

Defendants wrongly contend that Relator is "overtly rehashing precisely the same arguments made multiple (four) times over the course of this litigation." [Doc. 387 at 1]. These four occasions are listed at the bottom of p. 1 of Defendants' response memorandum. [*Id.*]. The

---

[1] The relevant quotes from those cases are set forth in Relator's memorandum. [Doc. 381 at 2-3].
[2] In discussing one of the aspects of the "manifest injustice" rationale, Relator mentioned that Mr. Jehl will have to pay the entire award himself even though he relied on his counsel during this litigation. [Doc. 381 at 5 n.2]. Defendants distort this by claiming Relator argues that "Defendants [have] to bear that cost rather than Relator." [Doc. 387 at 11]. That is inaccurate. The fact that this sanction is being imposed solely on Mr. Jehl is simply one of the multiple reasons --- not the primary one --- that this Rule 59(e) motion should be entertained by the Court. As for Defendants' selective quotation of the deposition of Ms. Trofort when making this irrelevant and inaccurate point [*id.* at 12], that deposition has been discussed by Relator earlier in the briefing [doc. 334 at 13-16] and there is no need to repeat the discussion here.

2

first three are the response in opposition to the motion to require the Relator to pay attorneys' fees [doc. 334 at 9-10], the motion to reconsider the order granting attorneys' fees [doc. 353 at 6], and the reply brief on the motion to reconsider [doc. 358 at 2-3]. Those all address whether there is any liability for fees as a general matter. The fourth is different because it argues that even though fees have been ordered as a general matter, the Court should exclude one of two alternative time periods for purposes of calculating the amount of fees owed. [Doc. 363 at 3-6]. In ruling on the amount of fees owed, the Court did not address the arguments regarding those two time periods, which is why Relator raises this issue in the Rule 59(e) motion.

It is quite possible for the Court to conclude as a general matter that Defendants are entitled to at least *some* fees despite their lawyer's failure to raise the CMS guidance argument in the motion to dismiss, but still be open to adjusting *the amount of fees* in light of that failure. Given that the Court never directly addressed those arguments, Defendants are wrong to claim that these are "precisely the same contentions that this Court has already rejected in its rulings." [Doc. 387 at 8]. The Court's order did not state that the contentions were rejected, and it is appropriate to raise them in this Rule 59(e) motion.

Defendants respond to the substance of Relator's arguments by stating that "it was only after Relator's SAC [Second Amended Complaint], defense counsel had occasion to review the issue and notify Relator that the foundation for his SAC had no basis in law." [Doc. 387 at 10 n.3]. But nearly ten months passed between the Relator moving for leave to file the SAC and defense counsel apparently discovering the CMS guidance and making this notification to Relator.[3]

---

[3] The motion for leave to file the SAC was filed on June 22, 2020. [Doc. 78]. The SAC was filed on July 10, 2020. [Doc. 90]. The motion to dismiss was filed thereafter by Defendants, and it was briefed by both sides over the course of several weeks. It was denied on December 14, 2020. [Doc. 131]. It was not until April 19, 2021, that defense counsel informed Relator of the CMS guidance through an expert report [Doc. 224] and not until May 13, 2021, that the Court was informed by way of a summary judgment motion. [Doc. 247 at 10 & n. 13].

In the meantime, when questioning the validity of the SAC by filing a motion to dismiss it, defense counsel seemed unaware of the CMS guidance because he never mentioned it. This Court then denied the motion to dismiss, explaining that "[t]he [second amended] complaint thus alleges that Defendant knew that Trofort lacked a valid license in spite of administrative findings otherwise, and there appears to be evidence in the record *which gives plaintiff a good faith argument in this regard."* [Doc. 131 at 6 (emphasis added)]. The Court added that it was "unable to agree with [Defendant] that prior administrative findings regarding Trofort's status are, as a matter of law, sufficient to bar plaintiff's claims in this case." *Id*. at 9.

In short, at that time, both Relator and the Court believed Relator had a good faith basis for proceeding with the case and defense counsel (a professed expert in the field) did not inform anyone of the CMS guidance purportedly showing otherwise.[4]

All of this demonstrates that, whatever other fees Relator may owe, he (1) should not be liable for fees prior to the time he was notified of the CMS guidance by defense counsel, who apparently did not know of it himself, or alternatively, (2) should not be liable for fees after the motion to dismiss was denied given that defense counsel presumably could have ended the case had he informed the Court about the CMS guidance when filing the motion.

For these reasons, and for the reasons set forth previously, Relator's motion should be granted, and the amount of fees should be adjusted accordingly.[5]

---

[4] At p. 3 of their response [doc. 387], Defendants repeat a number of allegations about the Relator's actions that were contained in their motion to impose attorneys' fees as a general matter. These have already been addressed by the Relator at various points, including in doc. 358 at pp. 4-8, which responds to most of them. None of them diminish the argument that the amount of fees should be discounted in light of the Defendants' failure to raise the CMS guidance in its motion to dismiss.

[5] Defendants' response did not dispute the figures Relator supplied as to the appropriate substitute amount of attorneys' fees if the Court agrees with Relator's first argument or, alternatively, thesecond. [Doc. 380-1].

Respectfully submitted,

/s/ *Robert B. McDuff*
Robert B. McDuff (MSB # 2532
Law Office of Robert B. McDuff
767 North Congress Street
Jackson, MS 39202
601.259.8484 (Telephone)
rbm@mcdufflaw.com

Philip N. Elbert (admitted pro hac vice)
Nathan C. Sanders (admitted pro hac vice)
NEAL & HARWELL, PLLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
pelbert@nealharwell.com
ksamson@nealharwell.com
nsanders@nealharwell.com

Richard R. Barrett (MSB #99108)
Law Office of Richard R. Barrett, PLLC
2086 Old Taylor Road
Suite 1011
Oxford, MS 38655
662.380.5018 (Telephone)
rrb@rrblawfirm.net

*Counsel for Relator*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 29th day of April, 2024, the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

                                          /s/ *Robert B. McDuff*