## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

UNITED STATES OF AMERICA, ex rel.             **PLAINTIFF**
CAMERON JEHL

V.                                      NO: 3:19-CV-091-GHD-JMV

GGNSC SOUTHAVEN LLC D/B/A
GOLDEN LIVINGCENTER-
SOUTHAVEN; GGNSC
ADMINISTRATIVE SERVICES LLC
D/B/A GOLDEN VENTURES; AND
GGNSC CLINICAL SERVICES LLC
D/B/A GOLDEN CLINICAL SERVICES             **DEFENDANTS**

## ORDER DENYING PLAINTIFF-RELATOR'S MOTION TO ALTER OR AMEND

Presently before the Court is the Plaintiff-Relator's Motion to Alter or Amend [380] the amount of the judgment regarding attorneys' fees. The Defendants have responded in opposition to the present motion, and the Court, upon due consideration, for the reasons set forth herein, hereby denies the Plaintiff-Relator's Motion to Alter or Amend [380].

A motion to alter or amend a previous judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence ... and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

The Plaintiff-Relator asserts that pursuant to Fed. R. Civ. Proc. 59(e), the Court should reduce the amount of attorneys' fees awarded in this case, as it is argued that the Court failed to address two arguments when determining the award of attorneys' fees. "The failure to address a key legal argument is an appropriate basis for a Rule 59(e) motion." *Garziano v. Louisiana Log Home Co., Inc.*, 569 Fed.Appx. 292, 300 (5th Cir. 2014). The Plaintiff-Relator argues that the Court specifically did not consider the following arguments: (1) the Defendants should not be entitled to certain fees since the litigation was not frivolous from the start, and (2) the Defendants should not be entitled to fees for a period of time that would have been unnecessary had it obtained earlier dismissal by raising a dispositive issue that it failed to raise.

The Defendants first argue in response that the Plaintiff-Relator is merely rehashing previously raised arguments, which as stated above, is inappropriate for a Rule 59(e) motion. The Court is inclined to agree with the Defendants that these arguments are restatements of previous arguments that have been slightly altered to come across as new. In the Court's opinion, each argument has been fully addressed in the record, however, the Court will address the Plaintiff-Relator's arguments under the Rule 59(e) standard out of an abundance of caution.

The Plaintiff-Relator's arguments, in sum, are that the litigation was not frivolous from the outset and thus attorneys' fees should not be awarded for a significant portion of time, and that even if it was frivolous, the Defendants should have moved for dismissal well before the case was dismissed, and thus there is significant time that attorneys' fees are not warranted.

This Court, along with the Fifth Circuit, have both ruled that "GGNSC has 'demonstrated a complete failure of proof of the essential elements of the relator's claims[.] *United States ex rel. Jehl v. GGNSC Southaven, LLC*, No. 22-60209, 2022 WL 17443684 (5th Cir. 2022) (quoting *United States ex rel. Jehl v. GGNSC Southaven, LLC*, No. 3:19-cv-091-NBB-JMV, 2022 WL

983644, at *4 (N.D. Miss. Mar. 30, 2022)). Again, as previously discussed by the Court, the FCA permits a defendant to recover its reasonable attorneys' fees, expenses, and costs "if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). The claims of the Plaintiff-Relator were found to be patently and demonstrably frivolous, and it is clear from the record that these findings, among numerous other similar findings, relate to the Plaintiff-Relator's case from the outset. Nothing in the record demonstrates that the claims were at one time valid or not frivolous, instead, the rulings of this Court, and the Fifth Circuit, clearly establish that the Plaintiff-Relator's claims were frivolous from the beginning. While it may have taken some time of discovery to uncover the frivolousness, that certainly does not infer that at one point in time the claims held merit.

In sum, the Plaintiff-Relator provides no justification under Rule 59(e) for the Court to alter or amend its previous ruling. As previously determined, the claims brought in this matter were frivolous from the beginning, and the fact that this case was ongoing for years does not change that. The Plaintiff-Relator has failed to establish a period of litigation where the awarded attorneys' fees are not warranted as again, the action was groundless from the start. The Court finds the Plaintiff-Relator's motion to alter or amend to not be well taken and thus denied.

### Conclusion

For the foregoing reasons, it is hereby ORDERED that the Plaintiff-Relator's Motion to Alter or Amend [380] amount of the judgment regarding attorneys' fees is not well taken and should be DENIED.

SO ORDERED, this the 12 day of July, 2024.

_____
SENIOR U.S. DISTRICT JUDGE

3