# Exhibit 7

**Defendants' Draft Settlement Agreement (sent by Emily Gerry via e-mail on August 12, 2024, at 5:07 PM).**

## SETTLEMENT AGREEMENT
**(Fees & Costs)**

This Settlement Agreement ("Agreement") is entered into among Relator Cameron Jehl; the Law Office of Robert B. McDuff, the Law Office of Richard R. Barrett, PLLC and Neal & Harwell, PLC (collectively "Counsel for Relator"); GGNSC Southaven LLC d/b/a Golden Living Center-Southaven, GGNSC Administrative Services LLC d/b/a Golden Ventures, and GGNSC Clinical Services LLC d/b/a Golden Clinical Services (collectively "Defendants"); and Gratz & Gratz, P.A. and Akin Gump Strauss Hauer & Feld LLP (collectively "Counsel for Defendants") (hereafter collectively referred to as "the Parties").

## RECITALS

A. On April 23, 2019, Cameron Jehl filed a *qui tam* action in the United States District Court for the Northern District of Mississippi captioned *United States of America, ex rel. Cameron Jehl v. GGNSC Southaven LLC et al,* case no. 3:19-cv-00091, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). On March 30, 2022, the Court granted Defendants' motion for summary judgment and denied Relator's objection to a cost award of $31,012.65 plus interest. On March 28, 2023, the Court held that Defendants were entitled to attorneys' fees and other expenses pursuant to 31 U.S.C. § 3730(d)(4), and on March 14, 2024, the Court awarded Defendants $1,058,373.97 plus interest in attorneys' fees and other expenses.

B. On May 6, 2024, the Court received a cash deposit from Relator in the amount of $1,192,807.15 to stay execution of the judgment. On or around June 26, 2024, Relator paid Defendants $32,377.52, inclusive of costs plus interest accrued through June 26, 2024.

C. Relator and Defendants have negotiated a settlement of Defendants' attorneys' fees and other expenses in the amount of $1,000,000.

D.  Relators are represented in the Civil Action by Counsel for Relator, and Defendants are represented in the Civil Action by Counsel for Defendants.

E.  For good and valuable consideration set forth below, the sufficiency of which is hereby acknowledged, it is mutually agreed as follows:

## AGREEMENT

1.  **Payment – Attorney's Fees, Expenses, and Costs.**  Relator and Defendants will stipulate to the Court releasing $1,000,000 from Relator's cash deposit to Defendants and the remainder of the cash deposit to Relator.  If the Court for any reason declines to release $1,000,000 to Defendants, Relator shall pay Defendants $1,000,000 within 48 hours of the entry of an order or other notice that the Court has declined to release the funds to Defendants.  The Parties expressly agree that payment of $1,000,000 to Defendants constitutes payment of reasonable attorneys' fees and expenses associated with the Civil Action, as contemplated by 31 U.S.C. § 3730(d), and that Relator's prior payment of $32,377.52 to Defendants constitutes payment of reasonable costs associated with the Civil Action.

2.  **Relator's Release and Relator's Counsel's Release**.  In consideration of the obligations of Defendants set forth in this Agreement, Relator hereby irrevocably, unconditionally and generally releases, acquits, and forever discharges to the fullest extent permitted by law, Defendants and each of their officers, directors, members, employees, agents, predecessors, representatives, attorneys, divisions, subsidiaries, affiliates (and agents, directors, officers, current and former employees), and all persons acting by, through, under or in concert with any of them (collectively referred to as "Released Parties"), or any of them, in any capacity related to their work for Defendants, from any and all grievances, charges, complaints, claims, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs incurred), of any nature whatsoever, known or unknown, which Relator now has,

2

owns, or holds, or claims to have, own, or hold, or which Relator at any time heretofore, had, owned, or held, or claimed to have, own, or hold from the beginning of time to the date of this Settlement Agreement. Relator represents that he has not assigned or transferred any of his claims to any person, entity, or thing, and covenants and agrees not to assert or pursue any of his claims in any way, including by offset or recoupment. Relator and Counsel for Relator further agree to indemnify, defend, and hold harmless Defendants from any claim and/or any lien that has been made or may be made by or between Relator or Counsel for Relator for fees, expenses, or costs. Nothing in this paragraph shall be construed as releasing any claims, defenses, or counterclaims for breach of this Agreement.

3. **Defendants' and Defendants' Counsel's Release**. In consideration of the obligations of Relator set forth in this Agreement and conditioned upon receipt by Defendants of $1,000,000, Defendants hereby irrevocably, unconditionally and generally release, acquit, and forever discharge to the fullest extent permitted by law, Relator and each of his officers, directors, members, employees, agents, predecessors, representatives, attorneys, divisions, subsidiaries, affiliates (and agents, directors, officers, current and former employees), and all persons acting by, through, under or in concert with any of them (collectively referred to as "Released Parties"), or any of them, in any capacity related to their work for Relator, from any and all grievances, charges, complaints, claims, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs incurred), of any nature whatsoever, known or unknown, which Defendants now have, own, or hold, or claim to have, own, or hold, or which Defendants at any time heretofore, had, owned, or held, or claimed to have, own, or hold arising from this Civil Action. Defendants represent that they have not assigned or transferred any of their claims to any person, entity, or thing, and covenant and agree not to assert or pursue any of their

3

claims in any way, including by offset or recoupment. Defendants and Counsel for Defendants further agree to indemnify, defend, and hold harmless Defendants from any claim and/or any lien that has been made or may be made by or between Defendants and Counsel for Defendants for fees, expenses, or costs. Nothing in this paragraph shall be construed as releasing any claims, defenses, or counterclaims for breach of this Agreement.

4. **No Admission of Liability.** This Agreement is neither an admission of facts, wrongdoing, or liability by the Parties.

5. **No Other Actions.** Relator and Counsel for Relator represent that they have filed no other lawsuits or initiated any other proceedings against Defendants that are currently pending other than the Civil Action.

6. **Waiver.** The failure of any of the Parties hereto to insist upon strict compliance with any provision of this Agreement shall not be deemed a waiver of such provision or of any other provision in this Agreement.

7. **Entire Agreement.** This Agreement contains the entire understanding between the Parties with respect to the contents of this Agreement and supersedes all prior or contemporary agreements or understandings, whether written or oral on the subject matters addressed. This Agreement may not be modified or amended except by an agreement in writing signed by each of the Parties.

8. **Assignment and Enforceability.** This Agreement shall inure to the benefit of and may be enforced by each of the Parties as well as any of their respective successors and assigns.

9. **Construction.** For purposes of construction, this Agreement will be deemed to have been drafted by all Parties to this Agreement and may not, therefore, be construed against any party for that reason in any subsequent dispute.

10. **Choice of Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Mississippi. The exclusive jurisdiction for any dispute arising from this Agreement shall be vested in the United States District Court of the Northern District of Mississippi, and each of the Parties hereby consents to the jurisdiction of such court (and of the appropriate appellate courts therefrom) in any such suit, action, or proceeding, and irrevocably waives any objection which it may now or hereafter have to the laying of the venue of any such suit, action, or proceeding in any such court or that any such suit, action, or proceeding which is brought in any such court has been brought in an inconvenient forum.

11. **Severability**. If any part of this Agreement is deemed invalid or unenforceable by a court of law, that portion shall be deemed deleted and the remaining provisions of the Agreement will remain in full force and effect.

12. **Counterparts**. This Agreement may be executed in counterparts, each of which constitutes an original and all of which shall constitute one and the same agreement. Facsimiles or electronic versions of signatures shall constitute binding signatures for purposes of this Agreement, including signatures appended through digital execution platforms, like DocuSign.

13. **Authority**. The individuals signing this Agreement on behalf of the Parties represent and warrant that they are authorized by the Parties to execute this Agreement.

14. **Effective Date.** This Agreement shall become effective once the Agreement has been executed by all of the Parties (the "Effective Date.")

**[SIGNATURE PAGES TO FOLLOW]**

**DEFENDANTS**

DATED: _____  BY: _____
  NICHOLAS FINN
  GGNSC Southaven LLC d/b/a Golden Living Center-
  Southaven, GGNSC Administrative Services LLC d/b/a
  Golden Ventures, and GGNSC Clinical Services LLC d/b/a
  Golden Clinical Services

**DEFENDANTS' COUNSEL**

DATED: _____ BY: _____
MARGARET SAMS GRATZ
Gratz & Gratz, P.A.
Counsel for Defendants GGNSC Southaven LLC d/b/a
Golden Living Center-Southaven, GGNSC Administrative
Services LLC d/b/a Golden Ventures, and GGNSC Clinical
Services LLC d/b/a Golden Clinical Services

DATED: _____ BY: _____
ROBERT SALCIDO
Akin Gump Strauss Hauer & Feld LLP
Counsel for Defendants GGNSC Southaven LLC d/b/a
Golden Living Center-Southaven, GGNSC Administrative
Services LLC d/b/a Golden Ventures, and GGNSC Clinical
Services LLC d/b/a Golden Clinical Services

7

**<u>RELATOR</u>**

DATED: _____    BY: _____
                                      CAMERON JEHL

**RELATORS' COUNSEL**

DATED: _____     BY: _____
                            ROBERT MCDUFF
                            Law Office of Robert B. McDuff
                            Counsel for Relator Cameron Jehl


DATED: _____     BY: _____
                            RICHARD BARRETT
                            Law Office of Richard R. Barrett, PLLC
                            Counsel for Relator Cameron Jehl


DATED: _____     BY: _____
                            NATHAN C. SANDERS
                            Neal & Harwell, PLC
                            Counsel for Relator Cameron Jehl