IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA, ex rel.
CAMERON JEHL                                                                                           PLAINTIFF

v.                                                              CIVIL ACTION NO.: 3:19-CV-0091-GHD-JMV

GGNSC SOUTHAVEN LLC D/B/A
GOLDEN LIVING CENTER - SOUTHAVEN; et al.                                              DEFENDANTS

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT

Presently before the Court is the Plaintiff-Relator's Motion to Enforce Settlement [398]. Upon due consideration, as described in more detail below, the Court finds the motion should be denied.

The relator, Cameron Jehl, brought this *qui tam* action against the defendants, GGNSC Southaven, LLC, GGNSC Administrative Services, LLC, and GGNSC Clinical Services (collectively, "GGNSC"), seeking to recover damages, penalties, fees, and costs under the False Claims Act ("FCA"). 31 U.S.C. § 3729 et seq. This case was originally assigned to United States District Judge Michael Mills of the Northern District of Mississippi, who later recused from the matter on August 12, 2021. Before recusal, Judge Mills denied the Defendants' motion to dismiss and later issued an order to show cause addressing multiple concerns with the case. The case was reassigned within the Northern District to Judge Neal B. Biggers. Judge Biggers, during his time with this case, granted the Defendants' motion for summary judgment [326] finding that the "defendants here have demonstrated a complete failure of proof on each of the essential elements of the relator's claims." [327]. The granting of Defendants' motion for summary judgment was appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed Judge Biggers' decision on December 6, 2022, agreeing with the district court that "GGNSC has

'demonstrated a complete failure of proof of the essential elements of the relator's claims[.]'" *United States ex rel. Jehl v. GGNSC Southaven, LLC*, No. 22-60209, 2022 WL 17443684 (5th Cir. 2022) (quoting *United States ex rel. Jehl v. GGNSC Southaven, LLC*, No. 3:19-cv-091-NBB-JMV, 2022 WL 983644, at *4 (N.D. Miss. Mar. 30, 2022)).

Following the Fifth Circuit's ruling, the Defendants filed a motion for attorneys' fees. Judge Biggers found that the Relator's claims were "patently and demonstrably frivolous" under the FCA's fee shifting provision, thus providing for an award of attorneys' fees to the Defendants. Following Judge Biggers' untimely passing, this case was reassigned to the undersigned Judge.

This Court denied the Relator's motion for reconsideration of Judge Biggers' award of attorney fees in favor of the Defendants [375, 376] and awarded the Defendants attorney fees, although not in the requested amount [377, 378]. The Relator appealed this Court's decision to the Fifth Circuit Court of Appeals on August 12, 2024 [396]; the Defendants have filed a cross-appeal as well [397]. This matter remains pending in the Fifth Circuit as Cause No. 24-60415.

The Relator has now filed the pending Motion to Enforce Settlement in this Court, arguing that a settlement reached after this case was appealed should be enforced [398]. The Defendants oppose the motion.

The Court finds that the Relator's motion must be denied because this Court is without jurisdiction to adjudicate the motion – this Court has entered judgment and jurisdiction has transferred to the Fifth Circuit. The Relator himself acknowledges this issue, stating that "there is a question as to whether this Court currently has jurisdiction to resolve this motion" due to the "notices of appeal and cross-appeal." [399, at p. 4].

Jurisdiction over this action transferred to the Fifth Circuit on August 12, 2024, when the

2

Relator filed his Notice of Appeal. As the Fifth Circuit has held, it is "well established that once a party files a notice of appeal, the district court no longer has jurisdiction over the case." *Allard v. Anderson*, 260 F. App'x 711, 716 (5th Cir. 2007); *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010); see also *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (holding that it is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."). While some limited exceptions to this rule exist, such as adjudicating a supersedeas bond or a stay pending appeal, none are applicable here. See, e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994); *Dayton Indep. School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (holding that jurisdiction is not retained over motions that would "alter the status of the case as it rests before the Court of Appeals."); *Thornhill, LLC v. NVR, Inc.*, No. CIV.A 3:05CV36, 2006 WL 3717917, at *2 (N.D. W. Va. Dec. 14, 2006) (holding that court "does not have subject matter jurisdiction to consider [a] motion to enforce settlement," because "[i]f this Court were to enforce the purported settlement agreement . . . no issues would remain for appeal.").

Additionally, Rule 62.1 of the Federal Rules of Civil Procedure addresses this issue, providing that when a motion "is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1. Here, given the nature of the Relator's motion, the Court finds that denying the motion is the best alternative.

Accordingly, the Court finds that it does not have jurisdiction to adjudicate the Relator's motion. This Court has already entered judgment on the merits of this action and with respect to

3

attorneys' fees [326, 378] and the parties have filed cross-notices of appeal [396, 397]. As such, the Relator's motion to enforce settlement is denied.

THEREFORE, it is hereby ORDERED that the Plaintiff-Relator's Motion to Enforce Settlement [398] is DENIED.

**SO ORDERED,** this the 4th day of October, 2024.

_____
SENIOR U.S. DISTRICT JUDGE